## RELEASE AND SETTLEMENT AGREEMENT

THIS RELEASE AND SETTLEMENT AGREEMENT (the "Agreement") is executed effective as of September 5th, 2014, by and between, Trust Beneficiary Ronald E Scherer, a Florida Resident hereinafter referred to as the "Beneficiary" and The Roger L Scherer Trust(s).

WHEREAS, certain disputes have arisen between the Trust(s) and the Beneficiary, as a result of a final accounting as prepared by former Trustee JPMC and approved by the Common Pleas Court of Franklin County substituting as the Franklin County Probate Court. The approval of the Court included a $6.2 million dollar judgment against the Beneficiary for misappropriation of Trust(s) assets. The judgment claim against the Beneficiary became an asset of the Trust in June of, 2013 after the Ohio Supreme Court refused certification to hear issue of improper rulings by the Sheward Court.

WHEREAS, the parties hereto have agreed to fully settle all such claims against the Beneficiary and other matters upon the terms and conditions stated herein.

NOW THEREFORE, for a cash payment of $100.00 value received, and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties hereto agree as follows:

1. Terms of Settlement. Subject to the conditions hereinafter set forth, and in exchange for 1.) The assignment of all proceeds received after deduction for beneficiary time and costs incurred from the judgment related malpractice case against attorney Jim Wiles and the Wiles law firm, 2.) The assignment of all proceeds received after deduction for beneficiary time and costs incurred from the judgment related malpractice case rights against Attorney Elliot Good and the Good law firm and 3.) the intervention by the Trust(s) into the beneficiary tax case and counter suit against the Federal Government 4.) the assignment of all proceeds received after deduction for beneficiary time and costs incurred from the outcome of the case to the Trust(s) (5.) the agreement of the Trust(s) to fund/pay all incurred litigation fees and costs of all litigation (6.) the execution of an option agreement to purchase all (100%) of the stock of West Virginia Health Care Inc. (WVHC) an Ohio Corporation from the Beneficiary (7) the agreement of the Trust(s) to timely finance and close on the stock of WVHC as stated under the terms and conditions in the option agreement (Exhibit B) attached hereto (the "Settlement Payment") have been met. The Trust(s) agrees as follows:

a. Releases. (i) Release of Beneficiary Simultaneously with the receipt of the Settlement Payment, (Exhibit B) the Trust(s) agree to execute and deliver the release attached as Exhibit A hereto and made a part hereof:

(A) Forever releasing and discharging the Beneficiary, any and all of his respective/related officers, directors, stockholders, agents, employees, subsidiaries, affiliates, successors, heirs, personal representatives, and assigns (collectively, the "Released Persons") from any and all claims, actions, causes of actions, and demands of the Trustee, whether known or unknown, accrued or unaccrued, rising out of or in any way relating to the false accounting of JPMC and the judgment of the Court, and any and all other claims presently existing or that may arise in the future, arising out of or in any way related to the Trust(s) judgment, including, without limitation, all damages, obligations, liabilities, costs and expenses incurred or otherwise suffered by the Trustee in connection therewith; specifically excluding, however, any claims for breach of representation, warranty, obligation or covenant by the Beneficiary contained in this Settlement Agreement; and

b. Compromise of Claims. The parties acknowledge that this is a compromise settlement of the judgment claim against the Beneficiary, and that this Settlement Agreement is being entered into to avoid the potential expense and inconvenience of litigation. The Beneficiary in no way admits any liability with respect to the foregoing and in fact, expressly denies any liability with respect thereto. In no event shall anything contained herein be construed as an admission of liability on the part of any of the parties hereto.

1



c.  Full and Complete Settlement.  The Trust(s) acknowledges that the consideration described herein is paid and received in full and complete settlement and satisfaction of all of the aforesaid claims, actions, causes of action, demands, damages, costs and expenses which they may have against the Released Persons.  This Settlement Agreement is entered into freely and voluntarily by the parties with the approval and advice of counsel.

2.  Representations and Warranties.  The Beneficiary, jointly and severally, represents and warrant to the Trustee as follows:

a.  The Settlement Agreement has been duly executed and delivered by the Beneficiary and constitutes the legal, valid and binding obligation of the Beneficiary and enforceable against them in accordance with the terms hereof.

3.  Confidentiality of Agreement.  Except as otherwise required by law or agreed to in this Agreement, each party covenants and agrees not to disclose to third parties the terms of this Settlement Agreement.

4.      Miscellaneous

a.  Binding Effect and Benefit.  This Settlement Agreement shall inure to the benefit of the parties hereto and the other Released Persons, and shall be binding upon, the parties hereto, and their respective heirs, executors, administrators, personal representatives, successors and assigns.

b.  Modification.  No provision contained herein may be modified, amended or waived except by written agreement or consent signed by the party to be bound thereby.

c.  Headings and Captions.  Subject headings and captions are included for convenience purposes only and shall not affect the interpretation of this Settlement Agreement.

d.  Gender and Number.  Throughout this Settlement Agreement, the masculine shall include the feminine and neuter and the singular shall include the plural and vice versa as the context requires.

e.  Entire Agreement.  This document together with all exhibits and schedules referred to herein constitutes the entire agreement of the parties and supersedes any and all other prior agreements, oral or written, with respect to the subject matter contained herein.

f.  Governing Law.  This Settlement Agreement shall be subject to and governed by the laws of the State of Ohio.

g.  Counterparts.  This Settlement Agreement may be executed in two or more counterparts each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

h.  Expenses.  Each party shall pay its own respective legal and other professional fees and other expenses incurred in connection with the matters addressed herein.

IN WITNESS WHEREOF, the undersigned has executed this Settlement Agreement effective as of the day and year aforesaid.

The Roger L Scherer Trust(s)

By: _____ Its: TRUSTEE
Douglas Q Holmes (Signature)

Beneficiary Ronald E Scherer

By _____ Its: BENEFICIARY
Ronald E Scherer (Signature)

2

EXHIBIT "A"

RELEASE

KNOW ALL MEN BY THESE PRESENTS:

The Trust(s) for and in consideration of the payment of One Hundred Dollars (S100.00), the assignment of receipt of net litigation proceeds and the Option Agreement attached hereto as Exhibit B the receipt and sufficiency of which is hereby acknowledged, do hereby release and forever discharge Ronald E Scherer, his agents, servants, employees, successors and assigns, and their respective heirs, personal representatives, affiliates, successors and assigns, and any and all persons, firms or corporations liable or who might be claimed to be liable, whether or not herein named, none of whom admit any liability to the undersigned, but all expressly denying liability, from any and all actions, causes of action, claims and demands which the trust may now have or may hereafter have, arising out of or in any way relating to any and all injuries and damages of any and every kind, to both person and property, and also any and all injuries and damages that may develop in the future, as a result of or in any way relating to the following settlement of judgment and/or the anticipated transaction accepted as the primary form of payment.

It is understood and agreed that this payment is made and received in full and complete settlement and satisfaction of the aforesaid actions, causes of action, claims and demands related to the judgment issued by the Sheward Court and that this Release contains the entire agreement between the parties; and that the terms of this Agreement are contractual and not merely a recital.   Furthermore, this Release shall be binding upon the undersigned, and his respective heirs, executors, administrators, personal representatives, successors and assigns. This Release shall be subject to and governed by the laws of the State of Ohio.

EXECUTED this 5th day of September, 2014.

The Roger L Scherer Trust(s)

By: _____ Its: TRUSTEE

**EXHIBIT B**
**OPTION AGREEMENT**

THIS AGREEMENT made and entered into this 5th, day of September, 2014 by and between The Roger L Scherer Trust(s) hereinafter referred to as ("Trust(s)") and Ronald E Scherer an individual hereinafter referred to as ("Beneficiary").

WHEREAS, Beneficiary desires to grant to the Trust(s) an option to purchase all (100%) of the common shares of West Virginia Health Care Inc. an Ohio Corporation as the "Settlement Payment" for a judgment claim of $6.2 million dollars held by the Trust(s) against its Beneficiary.

WHEREAS, the Trust(s) desires to settle all its claims against the Beneficiary and has entered into a settlement agreement as of September 5th, 2014 to accept the benefits of this option agreement subject to the terms and conditions herein provided.

NOW, THEREFORE, for good and valuable consideration the receipt and sufficiency of which are hereby acknowledged and intending to be legally bound, the parties hereby agree as follows:

(1) The Beneficiary hereby grants to the Trust(s) an exclusive 24 month option to purchase 100% (750 Shares) of West Virginia Health Care, Inc. in return for a full and complete release of the judgment held by the Trust(s).

(2) Concurrently with the execution and delivery of this Agreement the Trust(s) shall have:
    a.) executed the Settlement Agreement.

    b.) completed a full accounting review of the Trust(s), and engaged legal counsel to advise the Trust(s) on all legal matters relating to the equity ownership of assets of the trusts, their cost basis, earned income, income distribution, tax issues and tax liability of equity ownership and other Trust(s) accounting issues created by the JPMC final accounting and subsequent Court ruling and judgment

    c.) issued and funded a 36 month note payable in the amount of $250,000 to the West Virginia Health Care Inc. to fund its expansion plans in the Senior Health Care Industry, (Exhibit A) to this agreement.

(3) The Trust(s) exercise of the option herein granted is conditioned upon the Trust(s) having
    a.) obtained new permanent financing for the facility allowing transfer of the shares

    b.) submitting a plan of actual distribution of assets and values of the Trust(s) acceptable to the Beneficiary and his representatives providing a proper resolution to the issues as defined in 2(b) above.

(4) The term of this option shall be seven hundred and thirty days (730) days beginning on the date hereof unless otherwise canceled by mutual agreement of the parties.

(5) Closing shall take place on or before September 5th, 2017.

(6) At the request of the Trust(s), Beneficiary may at its sole discretion waive any of the contingencies or extend the Option Agreement for an additional twelve (12) months.

IN WITNESS WHEREOF, the parties have executed this Option Agreement as of the day and year first written above.

Roger L Scherer Trust(s)
By: _____ (Trustee)
    Signature

Ronald E Scherer
By: _____ (Beneficiary)
    Signature