**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:19-cv-03634-ALM-KAJ |
| | ) |
| v. | ) |
| | ) Judge Algenon L. Marbley |
| RONALD E. SCHERER, | ) |
| DOUGLAS Q. HOLMES as Trustee of the | ) |
|   Roger L. Scherer Trust and its sub-trusts, | ) |
| WEST VIRGINIA HEALTHCARE, INC., | ) |
| MAPLES HEALTH CARE, INC., and | ) |
| SUMMIT COMMUNITY BANK, | ) |
| | ) |
| Defendants. | ) |

**United States' Opposition to "Sworn Pro Se Motion
of Ronald E. Scherer To Abate and Recuse"**

The United States opposes the motion of Ronald E. Scherer for recusal by the Honorable Algernon L. Marbley for alleged bias. The motion should be rejected an improper attempt to delay these proceedings, rather than a genuine attempt to carry out the intent of 28 U.S.C. § 455.

**Standard**

Defendant Scherer moves to disqualify this Court under 28 U.S.C. § 455, which states, in relevant part, that:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
>   (1) Where he has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>   (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it[.]

1

The statutory test under subsection (a) "is not based on the subjective view of a party," but, rather, "imposes an objective standard: a judge must disqualify himself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Heid v. Mohr*, 2019 WL 1024947, at *2 (S.D. Ohio Mar. 4, 2019) (citing *Burley v. Gagacki*, 834 F.3d 606, 615-16 (6th Cir. 2016) (Marbley, J.).  A "judge is presumed to be impartial," *see Scott v. Metro. Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007), and the "burden is on the moving party to justify disqualification."  *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016).

"This is a high standard," *see Heid*, 2019 WL 1024947, at *2; for good reason: courts should "exercise great care in considering motions for recusal so as to discourage their use for purposes of judge shopping or delay" and "to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking."  *In re Hass*, 292 B.R. 167, 170 (Bankr. S.D. Ohio 2003) (quoting *In re Allied–Signal, Inc.*, 891 F.2d 967, 970 (1st Cir. 1989) (Beyer, J.).  Thus, while 28 U.S.C. § 455 imposes a duty on the Court to recuse where this high standard is met, there is an equally strong duty to not recuse if cause for recusal has not been shown.  *Easley v. Univ. of Michigan Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (citing *In Re Union Leader Corp.*, 292 F.2d 381, 391 (1st Cir. 1961)); *Laird v. Tatum*, 409 U.S. 824, 837 (1972) ("a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified.").

### A. Recusal Under 28 U.S.C. § 455(b)(1)

Under 28 U.S.C. § 455(b)(1), "a federal judge must disqualify himself from a proceeding

. . . '[w]here he has a personal bias or prejudice concerning a party.'" *Burley v. Gagacki*, 834 F.3d 606, 615 (6th Cir. 2016). "Prejudice or bias in this context means 'a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it rests upon knowledge that the subject ought not possess . . ., or because it is excessive in degree . . . .'" *Id*. (citing *Williams v. Anderson*, 460 F.3d 789, 814 (6th Cir. 2006) (quoting *Liteky v. United States*, 510 U.S. 540, 550, (1994)). "Opinions held by judges as a result of what they learned in earlier proceedings" are "not subject to deprecatory characterization as 'bias' or 'prejudice.'" *Id*. (citing *Liteky*, 510 U.S. at 551). Similarly, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 617. To warrant recusal, this bias must be "so extreme as to display clear inability to render fair judgment," so extreme in other words that it "display[s] a deep-seated favoritism or antagonism that would make fair judgment impossible." *Heid*, 2019 WL 1024947, at *2 (citations omitted).

### B. Recusal Under 28 U.S.C. § 455(b)(2)

"Section 455(b)(2) . . . mandates recusal . . . where the judge's former law partner, during the judge's tenure with the firm, served as a lawyer concerning the matter in controversy." *Old Republic Nat. Title Ins. Co. v. Warner*, 2013 WL 2403597, at *3 (W.Va. May 31, 2013). Recusal under this provision has three necessary requirements: Defendant Scherer must show that a (1) former lawyer with whom this Court previously practiced law (2) served as a lawyer for the same "matter in controversy" as this case (3) during that association. *See Broad v. N. Pointe Ins. Co.*, 2012 WL 12894271, at *1 (N.D. Ohio Aug. 17, 2012) (denying motion to recuse on basis that former partner was involved in the matter after judge took bench).

Generally, courts take a restrictive view of the term matter in controversy, holding the term to refer to the "actual case pending before the Court." *Jones v. Philadelphia Parking Auth.*, 2011 WL 4901291, at *2 (E.D. Pa. Oct. 14, 2011) (citing *Sphere Drake Ins. Ltd. v. All Am. Life*

3

*Ins. Co.*, 307 F.3d 617, 621 (7th Cir. 2002); *Blue Cross & Blue Shield of Rhode Island v. Delta Dental of Rhode Island*, 248 F.Supp.2d 39, 46 (D.R.I. 2003); 13C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3544). Thus, § "455(b)(2) would require disqualification when, for example, the judge served as an attorney in the actual lawsuit that is before the Court." *Id*.

## Argument

Defendant Scherer has failed to carry his burden of showing that recusal is appropriate. His complaint of bias or prejudice under § 455(b)(1) is misguided because adverse rulings alone do not constitute evidence of bias or prejudice. *Burley*, 834 F.3d at 617. His argument under § 455(b)(2) misses the mark because he does not establish that any representation of the RLS Trust(s) by Vorys, Sater, Seymour and Pease LLP's ("the Vorys firm") occurred in a matter that constitutes the same "matter in controversy" as this case, which was filed over twenty years after Judge Marbley's appointment to the bench in 1997. The motion should be rejected.

**I.     Recusal Under 28 U.S.C. § 455(b)(1) Is Unwarranted.**

Defendant Scherer premises his § 455(b)(1) argument on the fact that this Court has previously entered rulings against him. Doc. 21 at ¶ 4. This argument fails as a matter of law under binding Sixth Circuit and Supreme Court precedent, which precludes viewing adverse rulings as evidence of bias. *Burley*, 834 F.3d at 615; *Liteky*, 510 U.S. at 551. As this Court explained in *Heid*, in ruling on motions for summary judgment, "it is the Court's task to evaluate the arguments, determine which law governs, and apply the law to the facts." *Heid*, 2019 WL 1024947, at *4. In the prior cases, because the Court did just that, "this Court's previous rulings would not lead 'a reasonable person with knowledge of all the facts [to] conclude that the judge's impartiality might reasonably be questioned.'" *Id*. (citing *Burley*, 834 F.3d at 616). The Court should reject Defendant Scherer's attempt to make § 455 into "a form of brushback pitch for

4

litigants to hurl at judges who do not rule in their favor." *Pitrolo v. Cty. of Buncombe, N.C.*, 2013 WL 588753, at *6 (W.D.N.C. Feb. 13, 2013).

Further, any view of Scherer that Judge Marbley has developed in prior cases is not from an "extrajudicial" source and therefore is not a proper basis for recusal. *See Liteky*, 510 U.S. at 554-56; *Bell v. Johnson*, 404 F.3d 997, 1005 (6th Cir. 2005). Scherer's claim of "personal bias" by Judge Marbley against him emanates from Judge Marbley's rulings in the 2014 federal tax suit and a malpractice suit Scherer brought against his probate court attorneys in 2012 that Judge Marbley presided over. *See Scherer v. Wiles*, 2015 WL 4512393 (S.D. Ohio 2015, Marbley, J.). *See also Scherer v. Wiles*, 2014 WL 4351454 (S.D. Ohio 2015, Marbley, J.).[1]

## II. Recusal Under 28 U.S.C. § 455(b)(2) Is Unwarranted.

Defendant Scherer's § 455(b)(2) argument is wide of the mark. He carries the burden of showing that representation of the trustee of the RLS Trust(s) by the Vorys firm in the probate matter constitutes the same "matter in controversy" as this case. *See Broad v. N. Pointe Ins. Co.*, 2012 WL 12894271, at *1 (N.D. Ohio Aug. 17, 2012). Because he fails to carry this burden, his § 455(b)(2) argument should be rejected.

In this present action, the United States seeks to enforce its tax liens against stock in two corporations. *See, e.g.*, Doc. 1. Put simply, the issue is whether there are liens on the stock—the liens arose from assessments resulting from a U.S. Tax Court Decision that Defendant Scherer agreed to, and then the United States reduced those assessments to a final and unappealed judgment. The tax liabilities have been litigated twice and are no longer at issue in this case. At

---

[1] The case 2014 case report indicates Scherer had filed a grievance with Ohio Supreme Court Office of Disciplinary Counsel against the probate court judge.

5

this stage, Scherer's 1990-92 income tax liabilities are *res judicata*.

In an attempt to invent impropriety, Defendant Scherer reaches back over twenty years and through these two decisions.  Scherer alleges that a law firm that, over twenty years ago, employed Judge Marbley used to represent a bank (Bank One n/k/a JPMorgan Chase Bank) that, in its one-time capacity as the former trustee of the Roger L. Scherer Trust and its sub-trusts ["RLS Trust(s)"], was an adversary of Scherer before the Probate Division of the Franklin County Court of Common Pleas.  Scherer blames his tax liabilities on "Civil Tax Fraud by JPMC."

Based on our research, it appears that an attorney from the Vorys firm named Lawrence L. Fisher appeared for Bank One at the inception of the probate case in 1982 when Ronald E. Scherer's father died.  That was Case No. 344646 in the Franklin County Probate Court.  That probate matter is not even close to the same matter as this case.

The only probate court matter that has relation to the matters in this case is the separate civil action in the probate court that resulted in the May 15, 2008 judgment that Bank One as then-trustee for the RLS Trust(s) obtained against Defendant Scherer because he misappropriated over $6 million in trust assets.  The relationship is that Scherer and Holmes as Trustee contend that the forgiveness of that judgment was the consideration given to Scherer by the RLS Trust(s) in exchange for the assignment of Scherer's 100% ownership of the WVHI stock. The United States contends that (1) the judgment had previously been forgiven by a successor trustee (Park National Bank) and all the beneficiaries; (2) that even if that is not so, the consideration was insufficient to render the RLS Trust(s) a "purchaser" of the stock within the meaning of the tax lien statute; and (3) the transfer is in any event voidable because it was to an insider for an antecedent debt of an insolvent person or was made with actual intent to defraud the United

States.

The probate court judgment was entered almost ten years after Judge Marbley took the bench. Defendant Scherer fails to allege that the Vorys firm represented the RLS Trust(s) in this dispute at the time that Judge Marbley was associated with the Vorys firm. Indeed, the judgment resulted in an action commenced in 2004, already seven years after Judge Marbley took the bench. This is fatal to Scherer's recusal request because Scherer cannot establish that the Vorys firm served as counsel for the same "matter in controversy" as this case during Judge Marbley's association with that firm. *See Broad*, 2012 WL 12894271, at *1 (denying motion to recuse on basis that former partner was involved in the matter after judge took bench).

Further, so far as we can ascertain from Westlaw, a different law firm—Zeiger, Tigges & Little, LLLP—represented Bank One in its litigation with Scherer that began in 2004 in the Probate Court that resulted in the judgment against him in favor of the RLS Trust(s):

> In September 2004, Bank One filed the Probate Action in the Franklin County, Ohio Probate Court.1 Id. ¶ 61. The law firm of Zeiger, Tigges & Little LLP and attorney Steven Tigges (the other named defendants in the instant action) served as Bank One's counsel throughout the lawsuit.)

*Scherer v. JPMorgan Chase & Co.*, 2011 WL 6884237, *2 (S.D. Ohio 2011), *aff'd* 508 Fed.Appx. 429 (6th Cir. 2012). *See also Bank One Trust Co., N.A. v. Scherer*, 2009 WL 4049123 (Ohio Ct. App. Nov. 24, 2009) (Zeiger, Tigges & Little representing Bank One in state appellate court in 2009). Several other appellate decisions on Westlaw indicate representation by the Zeiger, Tigges & Little firm and nothing we have found indicates representation by any other law firm.

In sum, there is no discernable nexus between the issues in this case and the Vorys firm's representation of Bank One prior to 1997 when Judge Marbley was associated with it.

7

Additionally, Scherer did not move to recuse Judge Marbley in the 2014 suit.  Nor did he move to recuse Judge Marbley in the 2012 malpractice action that Scherer filed against his own probate court lawyers, cited above.  Moreover, Judge Marbley's decision granting summary judgment against Scherer in that action discusses that the Vorys firm represented Bank One in various other probate disputes through at least 2003.  2015 WL 4512393 at *2.  Accordingly, Judge Marbley presumably concluded that any connection to his former law firm as counsel for Bank One was already too attenuated to justify recusal.  In this regard, the civil action in the probate court that resulted in the $6 million judgment that prompted Scherer to claim his attorneys committed malpractice was not the same matter as the probate matters in which the Vorys firm had previously represented Bank One (which was not a party in the malpractice suit). In any event, none of the probate matters are the same matter as this tax lien enforcement suit.  Nor is any party in this action disputing the original validity of the probate judgment; the United States is only claiming it was forgiven before the stock transfer and, if not, that its forgiveness was not adequate consideration.

Next, Scherer's motion refers vaguely to "new evidence that has been covered up, concealed and/or mischaracterized by the US Government and its attorneys for years" but he does not present or describe any such purported new evidence.  Nor does he explain that "new evidence" is relevant to the matters at issue in this case as opposed to Scherer's ongoing efforts to relitigate his tax liability that was reduced to judgment in the 2014 suit.  This kind of innuendo does not provide grounds for recusal.  *See, e.g., In re United States*, 666 F.2d 690, 695 (1st Cir. 1981) ("[A] charge of partiality [under 28 U.S.C. § 455(a)] must be supported by a factual basis [and] a judge considering whether to disqualify himself must ignore . . . innuendos").  And, in any event, it is too late to reopen the tax judgment based on newly discovered evidence.

8

Finally, Scherer's interest in the instant suit is formalistic. The government already has a judgment against him and is therefore plainly entitled to enforce the tax liens against property that is undisputedly his, such as the Maples stock. And the only party with standing to dispute that the tax liens also encumber the West Virginia Healthcare, Inc. stock is Douglas Q. Holmes as Trustee of the trust to which the stock was purportedly transferred by Scherer in 2015.

WHEREFORE, the United States opposes and objects to recusal of Judge Marbley in the instant case.

Date: September 8, 2019

      /s/ *Steven S. Tennyson*
STEVEN S. TENNYSON
ALAN SHAPIRO
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-307-0872 (v)
202-514-5238 (f)
Steven.Tennyson@usdoj.gov

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that service of the **foregoing Response to Defendant Scherer's Motion for Extension of Time in Which to Response to Opinion and Order and Preliminary Pro Se Brief/Response** has been made upon the following by email this 8th day of September, 2019 and by U.S. Mail the following day:

| | | |
|---|---|---|
| Douglas Holmes<br>3285 Grenway Road<br>Shaker Heights, Ohio 44122 | Julie Scherer<br>4924 Berry Leaf Place<br>Hilliard, Ohio 43026<br><br>3970 Brown Park Drive<br>Hilliard, Ohio 43026 | Ronald Earl Scherer, Sr.<br>Post Office Box 730478<br>Ormond Beach, FL 32173-0478 |
| David Thompson<br>2268 Fox Road<br>Lincoln, Michigan 48742 | Ruth Hunter Smith, Esquire<br>Big Lot Stores, Inc.<br>4900 Dublin Granville Road<br>Columbus, Ohio 43081 | Floyd E. Boone Jr., Esquire<br>Bowles Rice LLP<br>600 Quarrier Street<br>Charleston, West Virginia 25301 |

*/s/ Steven S. Tennyson*
STEVEN S. TENNYSON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-307-0872 (v) / 202-514-5238 (f)
Steven.Tennyson@usdoj.gov