# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 2:19-cv-03634 |
| | : |
| | : JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge Jolson |
| RONALD E. SCHERER, et al., | : |
| | : |
| | : |
| Defendants. | : |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant Ronald E. Scherer's Motion to Recuse the undersigned from this case. (Doc. 21.) Defendant alleges several conflicts that might call this Court's impartiality into question. But after having reviewed Defendant's Motion, the Court **DENIES** Defendant's Motion.

### II. ANALYSIS

Defendant seeks to recuse this Court on two primary grounds: (1) perceived bias based on past unfavorable rulings; and (2) the undersigned's connection to a law firm that once opposed Defendant in an unrelated probate matter.

**A. Recusal Under 28 U.S.C. § 455(b)(1)**

28 U.S.C. § 455(b)(1) provides that any justice, judge, or magistrate judge of the United States shall disqualify themselves where he or she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Such prejudice "may stem from either personal or extrajudicial sources, or arise

1

during the course of current or prior proceedings." *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). With respect to the latter category, "[p]rejudice or bias in this context means a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it rests upon knowledge that the subject ought not possess . . . , or because it is excessive in degree. . . ." *Id.* (quoting *Williams v. Anderson*, 460 F.3d 789, 814 (6th Cir. 2006) (internal quotations omitted). Importantly, "judicial rulings alone almost never constitute a valid basis for a bias or impartiality motion." *Id.* at 617 (quoting *Liteky*, 510 U.S. at 555).

Here, Defendant's bias claim is based solely on the fact that the Court issued two unfavorable summary judgment rulings against him in prior cases and without holding evidentiary hearings. Without more, however, Defendant has presented nothing more than a conclusory allegation. Because judicial rulings, alone, almost never constitute a valid basis for a claim of bias, Defendant has not satisfied his burden to justify recusal. *See id.* ("In sum, plaintiffs have done nothing more than make conclusory allegations to support [their] claim that the district court was biased against [them.] The district court did not err in denying plaintiffs' motion for disqualification.") (internal quotations and citations omitted). Accordingly, Defendant's Motion to Recuse on this ground is **DENIED**.

### B. Recusal Under 28 U.S.C. § 455(b)(2)

28 U.S.C. § 455(b)(2) provides that any justice, judge, or magistrate judge of the United States shall disqualify themselves where, in private practice, he or she "served as lawyer in the matter in controversy, or a lawyer with whom he [or she] practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it." 28 U.S.C. § 455(b)(2). The term "matter in controversy" refers "to the

2

actual case that is pending before the Court." *Jones v. Philadelphia Parking Auth.*, 2011 WL 4901291, at *2 (E.D. Penn. Oct. 14, 2011). Hence, "Section 455(b)(2) would require disqualification when, for example, the judge served as an attorney in the actual lawsuit that is before the Court." *Id.*

Here, Defendant asserts that, over twenty years ago, while the undersigned was employed at Vorys, Sater, Seymour, and Pease, that law firm represented JP Morgan Chase which, in its one-time capacity as former trustee of the Roger L. Scherer Trust, was Defendant's adversary before the Probate Division of the Franklin County Court of Common Pleas. He alleges that JP Morgan Chase committed fraud and is to blame for his current tax liabilities. Thus, Defendant concludes that the undersigned worked with attorneys who served as lawyers in the current matter in controversy. Defendant's position is without merit.

Critically, Defendant's tax liabilities are not at the center of this case. Indeed, those liabilities have been litigated on two occasions. Rather, the primary issue before the Court is whether the Government's tax liens have attached to two companies that Defendant either once held or currently holds in ownership. Therefore, Defendant has not demonstrated a palpable nexus between his prior probate action and the matter before the Court. *See Burley*, 834 F.3d at 616 ("The burden is on the moving party to justify disqualification."). Accordingly, the Court **DENIES** Defendant's Motion to Recuse on this ground.

### C. Recusal Under 28 U.S.C. §§ 455(b)(5)(iii)-(iv)

28 U.S.C. § 455(b)(5)(iii) provides that any justice, judge, or magistrate judge of the United States shall disqualify themselves where he or she has "an interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(5)(iii). Additionally, subsection

(b)(5)(iv) instructs a judge to recuse him or herself where they are "likely to be a material witness in the proceeding." 28 U.S.C. § 455(b)(5)(iv).

Here, Defendant cites the above statutes to suggest that the undersigned will exhibit bias against him in order to protect the undersigned's former law firm. Defendant's suggestion, however, is pure speculation and does not satisfy his burden of justifying disqualification. Defendant also fails to explain why he believes the undersigned will become a material witness in the current proceedings. Accordingly, the Court **DENIES** Defendant's Motion to Recuse on these grounds.

### III. CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendant Scherer's Motion to Recuse [#21].

**IT IS SO ORDERED.**

                           /s/ Algenon L. Marbley_____
                           **ALGENON L. MARBLEY**
                           **UNITED STATES DISTRICT JUDGE**

**DATED: September 17, 2019**