UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:19-cv-03634 |
| ) | |
| v. ) | JUDGE ALGENON L. MARBLEY |
| ) | |
| RONALD E. SCHERER, ) | Magistrate Judge Deavers |
| DOUGLAS Q. HOLMES as Trustee of the ) | |
|    Roger L. Scherer Trust and its sub-trusts, ) | |
| WEST VIRGINIA HEALTHCARE, INC., ) | |
| MAPLES HEALTH CARE, INC., and ) | |
| SUMMIT COMMUNITY BANK, ) | |
| ) | |
| Defendants. ) | |

**AGREED PRELIMINARY INJUNCTION AND ORDER**

Upon the consent and agreement of the parties other than Summit Community Bank, and the Court finding that Summit Community Bank's consent is unnecessary because it is not materially affected, the Court enters the following preliminary injunction and order. As used in this order, "Maples" refers to Maples Health Care Inc.; "WVHI" refers to West Virginia Healthcare, Inc.; "Holmes" refers to Douglas Q. Holmes, individually and as trustee of the Roger L. Scherer Trust and any related trusts; and "Scherer" refers to Ronald E. Scherer a/k/a Ronald E. Scherer, Sr., individually and in his capacity as an officer or board member of Maples or WVHI and as shareholder of Maples. The signatures below reflect the representation by the signatories that they have authority to bind the person or entity for which each signs.

This matter is before the Court on the United States' request for a preliminary injunction, the hearing for which was originally set for September 9, 2019, as part of the *Opinion and Order Granting the Government's Ex Parte Motion for a Termporary Restraining Order* entered on August 27, 2019 [#9] ("TRO"), and then rescheduled for September 20, 2019, by the *Order Granting Defendant Ronald Scherer's Motion for Extension of Time* [#15]. The "Background"

1

portion of the TRO applies to this order. By consent to this order, the consenting defendants agree that the United States may be deemed to have established the requisites for a preliminary injunction – that is, a reasonable probability of success on the merits, a risk of irreparable harm that outweighs potential harm to the defendants by the entry of this order, and that the public interest favors entry of this order – without prejudice to the right of any defendant to oppose the ultimate relief sought in the Complaint. And, the United States reserves the right to move for the appointment of a temporary receiver at any time (with defendants retaining the right to oppose). Further, by agreeing to this order, the consenting defendants admit that they have been served with process and that they have until 14 days from this order to answer the complaint or else may be defaulted. Default on the part of Maples or WVHI shall not preclude the shareholders from opposing the ultimate relief sought in the Complaint.

Accordingly,

**1. IT IS ORDERED THAT**, until further order of this Court providing otherwise, Scherer, Holmes, Maples, WVHI, and all officers and directors of Maples and WVHI, their attorneys or agents, and anyone acting in concert with any of them, shall remain (consistent with the TRO) enjoined and prohibited from, directly or indirectly (through any other person or entity, including their representatives, agents, servants, employees, attorneys, trustees): (1) transferring, converting, encumbering, pledging, selling, giving away, or concealing the stock in Maples or in WVHI or issuing any additional stock in said corporations; (2) transferring converting encumbering, pledging, selling, giving away, concealing, dissipating, disbursing, trading, assigning, spending, withdrawing or otherwise disposing of any money or asset or portion thereof belonging to WVHI, or to Maples, except as explicitly permitted below. As used herein "asset" includes but is not limited to, all real property and all personal property, tangible or intangible, including cash, money, accounts, contract rights, certificates of deposit, stocks,

2

bonds, promissory notes, other securities or financial instruments, business inventory, parts or supplies, accounts receivable, other business property or vehicles, no matter where those assets are located and no matter the type of ownership or control interest, including, but not limited to, outright ownership, partial ownership, contingent interest, legal interest, beneficial interest, residual interest, reversion interest, or other interest.

Notwithstanding the foregoing, WVHI and Maples may continue the conduct of their business, including patient care, billing, collection of accounts receivable, and payment of ordinary course business expenses, including payment of salary or wages to officers or employees (but in amounts not to exceed amounts being paid as of August 1, 2019, as salary or wages to officers or to any employee that is related to Scherer) and including timely installment payments on the mortgage to Summit Community Bank and timely installment payments on any other non-insider loans that were not in default as of August 1, 2019. In no event shall any payments or transfers of money be made by WVHI or Maples to Scherer or to any other person for his benefit. In no event shall any payments or transfers of money by WVHI or Maples be made to Holmes as Trustee or to any trust of which Scherer or any of his family members are beneficiaries. In no event shall any payments be made to or money otherwise transferred to Scherer's wife, Julie Scherer, in excess of her salary or wages in amounts being paid prior to August 1, 2019. In no event shall any payments be made or money otherwise transferred to any other entity of which Scherer is a shareholder, officer, or director (except that Maples may continue to pay WVHI rent and any other charges required by its current lease). In no event shall any payments be made or money otherwise transferred to any children of Scherer or to any other relative of Scherer. Notwithstanding the foregoing, no person shall be held to have violated this Order for making a payment for which counsel for the United States has given express permission in writing of the amount, recipient, and purpose of the payment.

**2. IT IS ORDERED THAT,** until further order of this Court providing otherwise, Holmes as Trustee and any successor trustee of any trust of which he is the trustee, or was the trustee on January 1, 2019, shall remain (consistent with the TRO) enjoined and prohibited from, directly or indirectly (through any other person or entity, including his or their representatives, agents, servants, employees, or attorneys): distributing any income or assets of the Roger L. Scherer Trust or the related trusts formed from its corpus to any person, or otherwise transferring or encumbering such assets in any way or for any purpose except with the permission from this Court on motion duly served on the United States, and except that the terms at the end of the order entered on September 11, 2019 [#28] shall apply to permit Holmes as Trustee to continue to use Trust funds for attorney's fees and other litigation expenses necessary for the Trust to defend against the United States' claim that its tax liens encumber the stock in WVHI. That is, Holmes as Trustee may continue to use Trust funds for his defense against Count II of the Complaint so long as:

(1) the Trust uses funds that are not traceable to West Virginia Healthcare, Inc.; and

(2) if the Trust only has funds derived from its purported ownership of West Virginia Healthcare, Inc., or seeks to use funds to be derived from West Virginia Healthcare, Inc., the Trust uses such funds only to the extent that, when added to any funds available to it from the preceding source, they do not exceed $10,000 combined.

**3. IT IS ORDERED THAT,** until further order of this Court providing otherwise, Scherer shall remain enjoined from using any credit card for which WVHI or Maples is obligated, and nor shall he use any debit card drawing from any account of Maples or WVHI, and all officers and directors of WVHI and Maples are directed to immediately contact the issuer(s) of any such cards and cause the card account(s) to be frozen or suspended. Nothing herein shall preclude Scherer from being reimbursed for using his own funds for legitimate

4

corporate purposes, subject to approval of this Court or approval by a receiver if one is hereafter appointed.

**4. IT IS ORDERED THAT,** until further order of this Court providing otherwise, all officers and directors of Maples or WVHI shall remain (consistent with the TRO) enjoined from, directly or through any other person or entity, destroying, transferring, altering, erasing, concealing, disposing of or in any other manner making unavailable any business or financial records of WVHI, Maples, or the Roger L. Scherer Trust or its related trusts or other records of their monetary or other financial or business transactions, including paper documents or electronically stored data wherever those records may be located.

**5. IT IS ORDERED THAT,** until further order of this Court providing otherwise, all defendants Defendants shall continue (consistent with the TRO) to produce to counsel for the United States within seven days of receipt by them on an ongoing basis: all monthly or other periodic statements related to any deposit, checking, credit card, or other financial accounts of WVHI or Maples unless and until a receiver is appointed and given access to all such account information. Any party may otherwise take discovery in accordance with the Federal Rules of Civil Procedure except that, if the United States serves any discovery that contains a statement that it is "for the purpose of ascertaining compliance with the preliminary injunction," the time to respond to such discovery shall be shortened to five business days. This includes any subpoena the United States may serve on any non-party provided that the scope of the records requested is limited to investigating compliance with this preliminary injunction.

**6. IT IS ORDERED THAT,** until the Court determines any motion by the United States to appoint a receiver, WVHI, Maples, and Scherer are enjoined and prohibited from filing any voluntary petition under any chapter of the Bankruptcy Code (11 U.S.C.) and from encouraging any creditor to file an involuntary petition against them. This provision shall expire in 90 days

unless, before that time, the United States has filed a motion for the appointment of a receiver (temporary or permanent). Such parties shall have an opportunity at any hearing to consider the appointment of a receiver to show how and why a bankruptcy petition for Maples of WVHI would be more appropriate than a receivership and why the federal tax liens on the 100% of the stock in WVHI and Maples should not accord the United States control over whether either company files for bankruptcy voluntarily. Notwithstanding the foregoing, Scherer may file a petition under Chapter 7 of the Bankruptcy Code if he arranges with the United States to file, concurrently with such petition, a stipulation with the United States modifying the automatic stay to permit this action to continue for the relief sought in the Complaint, and provided that no such petition may be filed less than seven dates prior to any hearing set in this case to accord the bankruptcy judge time to consider the stipulation and so modify the automatic stay.

Pursuant to Federal Rule of Civil Procedure 65(c), the Government is not required to post bond in this case.

Each officer and each member of the board of directors of Maples or WVHI who receives notice of this order shall provide a copy of the same to every other officer or director and also to

[*REST OF PAGE IS BLANK*]

every person with signature authority over, or other ability to withdraw funds from, any corporate bank account (unless such person acknowledges having already received a copy).

IT IS SO ORDERED.

_____
ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

Dated: September 19, 2019.

The following agree to the entry of the above Preliminary Injunction and Order (signatures may be transmitted by facsimile or by scanning and emailing and presented to the Court in counterparts):

RONALD E. SCHERER:

_____
Ronald E. Scherer

MAPLES HEALTH CARE, INC.:

_____
Ronald E. Scherer
Chairman of the Board

_____
David Thompson
Treasurer

WEST VIRGINIA HEALTHCARE, INC.:

_____
Ronald E. Scherer
Chairman of the Board

_____
David Thompson
~~Treasurer~~ Secretary

UNITED STATES OF AMERICA:

_____
Alan M. Shapiro, Esq.

DOUGLAS Q. HOLMES:

_____
Thomas Holmes, Esq.

_____
Douglas Q. Holmes