# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | Case No. 2:19-cv-03634 |
| **Plaintiff,** : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | **Magistrate Judge Jolson** |
| **RONALD E. SCHERER, et al.,** : | |
| : | |
| : | |
| **Defendants.** : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant Ronald E. Scherer's Motion for Sanctions. Doc. 50. For the reasons set forth below, the Court **DENIES** Defendant's Motion [#50].

### II. LAW & ANALYSIS

Defendant moves the Court to impose sanctions against counsel for the Government, arguing they violated Federal Rule of Civil Procedure 11(b) by signing and submitting false documents to the Court. Rule 11(b) provides that by presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Subsection (c) goes on to state that if, after notice and reasonable opportunity to respond, "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c).

Here, it is difficult for the Court to ascertain which of the Government's documents Defendant asserts was false, as he makes no effort to identify specific pleadings. It thus appears Defendant is making the claim that this entire lawsuit was initiated for improper purposes. Defendant's argument, however, lacks merit. The Court has no reason to question whether the Government has a good faith basis for bringing this action against Defendant to recover unpaid taxes. In fact, in 2014, the Government brought a similar action against Defendant in this Court, where Judgment was entered against Defendant. *See United States v. Scherer, et al.*, Case No. 14-cv-00452. Finding no basis for Defendant's allegations, the Court **DENIES** the Motion for Sanctions.

## II. CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendant Scherer's Motion for Sanctions [#50].

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: May 12, 2020**

2