**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Case No. 2:19-cv-03634** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Jolson** |
| **RONALD E. SCHERER, et al.,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

**<u>ORDER</u>**

This matter is before the Court on Defendant Ronald E. Scherer's Motion for Specific Discovery. Doc. 52. Defendant has moved the Court for an order -- pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) -- requiring the Government to turn over any and all evidence that is exculpatory in nature, including but not limited to evidence that may be used to impeach any of the Government's witnesses and evidence related to the issue of Defendant's compliance with the United States Tax Code.

In *Brady*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. Defendant, however, fails to present authority suggesting that the holding in *Brady* applies to civil suits brought by the Government where, such as here, an individual's liberty is not at stake. *Cf. Brodie v. Dept. of Health & Human Servs.*, 951 F. Supp. 2d 108, 118 (D.D.C. 2013) ("*Brady* does not apply in civil cases except in rare situations, such as when a person's liberty is at stake."). Accordingly, to the extent Defendant relies on *Brady* as a basis for this Motion, it is **DENIED**.

1

Alternatively, Defendant's Motion might be construed as a Motion to Compel Discovery pursuant to Federal Rule of Civil Procedure 37. Rule 37(a) provides that, on notice to other parties and all affected persons, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Importantly, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*

Here, the Court is not satisfied that Court intervention is warranted at this time. The Government, in its response, attests that it has not yet been served with any appropriate discovery requests, and the Government has not refused to respond to Defendant's requests. *See* Doc. 60 at 9. The only evidence in the record of a possible discovery request is an email Defendant sent to Government attorney Peter Sklarew, an assistant chief in the DOJ Tax Division, one day before he filed this Motion. Certainly, this does not satisfy Defendant's duty under Rule 37(a) to attempt to resolve discovery issues with opposing counsel before seeking judicial intervention. *See Benavidez v. Sandia Nat'l Labs.*, 319 F.R.D. 696, (D.N.M. 2017) ("Whether the parties engaged in a good-faith conference will involve a case-by-case consideration of the facts, and that consideration might differ from docket to docket, but the Court concludes that rule 37(a) generally demands something more than a one-sided, perfunctory letter sent the day before a motion to compel is filed. In the case of a violation, the Court may then summarily deny a motion to compel in the event the Court concludes that the movant failed to confer with opposing counsel in good faith."). While Defendant appears to rely on this Court's expedited discovery order to justify his Motion, that order applied only to the parties' Preliminary Injunction hearing:

> IT IS ORDERED THAT, in preparation for the Preliminary Injunction hearing, the parties are to engage in expedited discovery without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), and without regard to the limitations of Federal Rules of Civil Procedure 30(a)(2), 30(d), 31(a)(2), and 33(a)(1).

2

*See* Doc. 9 at 9. The Preliminary Injunction hearing has since been resolved by Stipulated Order of the parties, and thus, expedited discovery is no longer in effect. Accordingly, the Court **DENIES** Defendant's Motion for Specific Discovery for a failure to comply with Federal Rule of Civil Procedure 37(a)(1). Defendant Scherer, however, after engaging in good-faith discussions with opposing counsel, may file a motion to compel at a later time if discovery disputes arise.

     **IT IS SO ORDERED.**

                               **ALGENON L. MARBLEY**
                               **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: May 12, 2020**