**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Case No. 2:19-cv-03634** |
| **Plaintiffs,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Jolson** |
| **RONALD E. SCHERER, et al.,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant Ronald E. Scherer's Motion to Present Harassment by the Government.  Doc. 58.  For the reasons set forth below, the Court **DENIES** the Motion [#58].

**II. LAW & ANALYSIS**

Federal Rule of Civil Procedure 11(b) provides that by presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Subsection (c) goes on to state that if, after notice and reasonable opportunity to respond, "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c).

Here, Defendant moves for sanctions against counsel for the Government under Rule 11(c), arguing the Government is engaging in harassment. As support, Defendant presents an email that the Government sent to attorney Thomas Holmes when he moved for *pro hac vice* admission in this case. By way of summary, that email notified attorney Holmes that if, as counsel for Defendant Scherer, he did not immediately withdraw three *pro se* motions that Defendant Scherer had recently filed, the Government would seek an order against attorney Holmes for costs, expenses, and attorney fees incurred in responding to the Motions. Attorney Holmes was not seeking *pro hac vice* admission to represent Defendant Scherer, but rather to represent Defendant Douglas Holmes. Nevertheless, Defendant Scherer points to this email as grounds for imposing sanctions on the Government.

The Court finds that no sanctions are warranted. Importantly, the plain language of Rule 11 makes clear that it governs only representations made to the Court. This rule does not apply to communications between the parties. *See* Fed. R. Civ. P. 11(d) ("This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."). Moreover, the Government's email does not constitute harassment. In fact, the Government is required under Rule 11(c)(2) to notify opposing counsel in advance if it will be pursuing

sanctions for frivolous filings. Accordingly, Defendant Scherer's Motion is without merit and will be **DENIED**.

### III. CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendant Scherer's Motion to Present Harassment by the Government [#58].

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: May 12, 2020**