IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | Case No. 2:19-cv-03634 |
| **Plaintiff,** : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | Magistrate Judge Jolson |
| **RONALD E. SCHERER, et al.,** : | |
| : | |
| : | |
| **Defendants.** : | |

## ORDER

This matter is before the Court on the Government's Motion for an Order Suspending Further Briefing on Defendant Ronald E. Scherer's Second Motion for Summary Judgment. Doc. 96. Defendant Scherer first filed a Motion for Summary Judgment on September 27, 2019. *See* Doc. 51. Before the Court could rule on that Motion, however, Defendant Scherer filed a Second Motion for Summary Judgment. *See* Doc. 95. For the reasons that follow, the Court **GRANTS** the Government's Motion [#96], and **STRIKES** Defendant Scherer's Second Motion for Summary Judgment [#95] from the record.

The Federal Rules of Civil Procedure do not provide for a motion to strike documents other than pleadings. *Cincinnati Ins. Co. v. Nat'l Un. Fire Ins. Co. of Pittsburgh, PA*, 377 F. Supp. 3d 859, 864 (S.D. Ohio 2019). "Instead trial courts make use of their inherent power to control their dockets when determining whether to strike documents or portions of documents." *Id.* (internal citations omitted).

Here, the Court strikes Defendant Scherer's Second Motion for Summary Judgment for two reasons. First, his second Motion is predicated on the same basis as his first: the Government's

tax assessments are invalid.  It would, therefore, be an ineffective use of time and resources to have the Government brief the issue a second time and have the Court analyze a duplicative Motion.  Second, Defendant Scherer's Second Motion, on its face, requests summary judgment on behalf of his co-Defendant, Douglas Q. Holmes.  *See* Doc. 95 at 1 ("This is a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  The motion requests judgment in favor of Douglas Q. Holmes, The Roger L. Scherer Trust and Sub Trusts from its Rule 65 order in favor of and brought by the federal government.").  But Defendant Scherer, who is proceeding *pro se*, cannot represent Defendant Holmes in this matter.  *See Esaw v. Metro Police Dept.*, 2012 WL 3202271, at *1 (M.D. Tenn. Aug. 3, 2012) ("It is clear that a party proceeding *pro se* may represent only themselves and not another party.") (citing *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002)).  Accordingly, the Court **GRANTS** the Government's Motion [#96], and **STRIKES** Defendant's Second Motion for Summary Judgment [#95] from the record.

    **IT IS SO ORDERED.**

                                              _____
                                              **ALGENON L. MARBLEY
                                              CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: May 12, 2020**