**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | Case No. 2:19-cv-03634 |
| **Plaintiff,** : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | Magistrate Judge Jolson |
| **RONALD E. SCHERER, et al.,** : | |
| : | |
| : | |
| **Defendants.** : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on the Government's Motion for Reconsideration of the Court's May 12, 2020 Opinion and Order Granting in Part and Denying in Part the Government's Motion for Summary Judgment. Doc. 108. For the reasons set forth below, the Court **GRANTS** the Government's Motion for Reconsideration [#108].

**II. BACKGROUND**

On May 12, 2020, the Court entered a 23-page Opinion and Order Granting in Part and Denying in Part the Government's Motion for Summary Judgment. Doc. 104. The pertinent issue in that Opinion and Order was whether the Government's federal tax liens against Defendant Ronald E. Scherer followed the transfer of his ownership interest in the stock of West Virginia Health Care, Inc. ("WVHI") to his family Trust (the "Trust"). The Court concluded that genuine issues of fact precluded a determination of whether the Trust purchased the WVHI stock within the meaning of 26 U.S.C. §§ 6323(b)(1)(A) and (h)(6), such that it acquired the stock from Defendant Scherer free of the Government's tax liens. Specifically, the Court noted that Defendant

1

Scherer and the Trust entered into a Release and Settlement Agreement on September 5, 2014, whereby the Trust was obligated to pay Defendant Scherer's litigation expenses in exchange for the WVHI stock. There remained, however, an open question surrounding whether the Release and Settlement Agreement required the Trust to pay for Defendant Scherer's litigation expenses in all pending and future cases, or just the cases identified in the Agreement. If a jury were to conclude the former, thereby finding the Trust's obligation to be ongoing, the Court held that this accruing expense might constitute full and adequate consideration for the WVHI stock under §§ 6323(b)(1)(A) and (h)(6). The Government now contends that the Court reached the wrong conclusion.

### III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 54(b), courts have the authority to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Generally, "courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* A motion for reconsideration, however, "cannot be used to raise legal arguments that could have been raised before the Court issued its decision[.]" *Powers v. United States*, 2019 WL 1397239, at *2 (E.D. Mich. Mar. 28, 2019).

### IV. ANALYSIS

The Government presents five reasons why the Court's decision Granting in Part and Denying in Part its Motion for Summary Judgment was reached in error: (1) the Court failed to give effect to Defendant Scherer and the Trust's December 31, 2015 Option Agreement, which waived any and all contingencies of the Trust to exercise its option to acquire the WVHI stock; (2)

the September 5, 2014 Release and Settlement Agreement was clear that the Trust's obligation to pay Defendant Scherer's litigation expenses did not apply to future cases; (3) an obligation to pay future litigation expenses is too speculative to constitute consideration in money or money's worth; (4) even accounting for the payment of future litigation expenses, this value is not relatively close to the value of WVHI's stock, such that it can be deemed adequate consideration; and (5) the Court erred in finding an equitable transfer of the WVHI stock from Defendant Scherer to the Trust. The Court will address each of the Government's arguments, in turn, below.

### A. Whether the Court Erred in Holding Genuine Issues of Fact Precluded a Finding that the Trust did not Provide Adequate Consideration for the WVHI Stock

The Government raises several arguments in support of its belief that the Court erred in finding genuine issues precluded a determination of whether the Trust provided adequate consideration for the WVHI stock. Each of these arguments, however, was either already raised and considered or not previously raised at all. *See King Lincoln Bronzeville Neighborhood Ass'n v. Blackwell*, 2009 WL 5066912, at *4 (S.D. Ohio Dec. 22, 2009) ("If a party disagrees with the Court's decision on a legal basis, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit.") (internal quotations and citation omitted).

First, the Government argues that the Court failed to give effect to the December 31, 2015 Option Agreement, which waived any and all contingencies of the Trust to exercise its option to acquire the WVHI stock from Defendant Scherer. The Government maintains that this waiver precludes a finding that the Trust was obligated to pay for Defendant Scherer's future litigation expenses, irrespective of whether there is an ambiguity in the September 5, 2014 Release and Settlement Agreement. This is because, the Government contends, the waiver in the Option Agreement released the Trust from all future obligations owed to Defendant Scherer.

3

Even assuming the Option Agreement has the preclusive effect the Government now claims, this argument was never presented to the Court. To the contrary, the Government's sole argument was that the language in the September 5, 2014 Release and Settlement Agreement clearly specified that the Trust was only obligated to pay Defendant Scherer's litigation expenses in two malpractice actions and one tax-related lawsuit. *See* Doc. 93 at 15-17. The Court, however, concluded differently. *See* Doc. 104 at 13-14. A motion for reconsideration is not an appropriate vehicle to raise new arguments now that a prior position has proven unsuccessful. There is no reason the Government could not have raised this argument earlier. Accordingly, the Court will not examine the merits of the Government's first ground for reconsideration. *See Doe v. Ohio State Univ.*, 323 F. Supp. 3d 962, 965 (S.D. Ohio 2018) ("Motions for reconsideration do not allow the losing party to repeat arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier.") (internal quotations and citation omitted).

Next, the Government reasserts its argument that the Release and Settlement Agreement was clear that the Trust's obligation to pay Defendant Scherer's litigation expenses did not apply to future cases. But the Court has already given full consideration to this argument and found an ambiguity in the language of the Agreement. *See* Doc. 104 at 13-14 ("Because the Court finds the Release and Settlement Agreement ambiguous in this respect, determining whether the Trust has an ongoing duty to pay for Defendant Scherer's litigation expenses in pending and future cases is a question of fact for a jury to decide."). The Court will not consider the Government's argument a second time.

Alternatively, the Government argues that any obligation to pay future litigation expenses is too speculative to constitute consideration in money or money's worth for purposes of §§

6323(b)(1)(A) and (h)(6).  But again, this argument was never presented to the Court and nothing prevented the Government from advancing this position in its Motion for Summary Judgment.

Finally, the Government argues that even if the Trust had an obligation to pay Defendant Scherer's future litigation expenses, this amount would not provide adequate and full consideration for the WVHI stock.  In making this argument, however, the Government ignores the Court's prior ruling that this question involves a genuine issue of fact.  *See id.* at 14 ("If a jury were to find the Trust's obligation to be ongoing, this accruing expense, standing alone, might constitute full and adequate consideration for the WVHI stock.").  The Court finds no clear error in this conclusion.

**B. Whether the Court Erred in Finding Defendant Scherer's Failure to Endorse and Deliver the WVHI Stock Certificate to the Trust was not Fatal under Ohio Law**

In addition to the above, the Government maintains that the Court erred in finding a reasonable juror could conclude that the transfer of the WVHI stock from Defendant Scherer to the Trust was valid under equitable principles, even in the absence of the delivery of a signed stock certificate.  The Government argues that the balance of equities weighs against finding such a transfer under Ohio law, and that it is up to the Court, rather than a jury, to determine equitable remedies.  Alternatively, the Government suggests that, even if the Court were to find an equitable change in ownership, this is still insufficient to make the Trust a protected purchaser under §§ 6323(b)(1)(A) and (h)(6).  *See* Doc. 110 at 31.  Because the Court raised the issue of equitable transfer *sua sponte*, the Government's alternative argument was not previously considered and could not have been raised earlier.

In finding that the transfer of the WVHI stock to the Trust may be valid under state law, even in the absence of the delivery of a signed stock certificate, the Court relied on the Ohio Court of Appeals' decision in *Smith v. Koehler*, 91 Ohio App. 3d 337 (Ohio Ct. App. 1992).  There, the Ohio Court of Appeals held that although, as between a buyer and a seller of certified securities,

5

"delivery of a signed stock certificate is generally required to effect a legal change of ownership, there may still be beneficial, or equitable, change of ownership prior to the delivery of the certified security, where the buyer and seller are contractually bound." *Id.* at 340. Similarly, here, the Court found that -- based on the December 31, 2015 agreement transferring ownership of the WVHI stock from Defendant Scherer to the Trust -- a reasonable juror could conclude that Defendant Scherer's failure to deliver a signed stock certificate to the Trust was immaterial considering the parties contractual obligations, which were clear in that they identified the parties, the date of the transfer, and the specific stock at issue. The Court finds no clear error in its conclusion.

Notwithstanding the above, the Government is correct that, even if there was an equitable change in ownership, this does not suffice to make the Trust a protected "purchaser" of the WVHI stock under §§ 6323(b)(1)(A) and (h)(6). Section 6323(b)(1)(A) provides that a lien shall not be valid as against a "purchaser" of a security who at the time of purchase did not have actual notice or knowledge of the existence of such lien. 26 U.S.C. § 6323(b)(1)(A). Section 6323(h)(6), in turn, defines a "purchaser" as a person who, for adequate and full consideration in money or money's worth, acquires an interest in property "which is valid under local law against subsequent purchasers without actual notice [of the acquisition]." 26 U.S.C. § 6323(h)(6). It follows that, if the Trust's equitable ownership interest in the WVHI stock would not be valid under Ohio law against a subsequent purchaser who had no notice of the agreement between Defendant Scherer and the Trust, then the Trust cannot be a protected purchaser under §§ 6323(b)(1)(A) and (h)(6), and the Government's lien would attach to the WVHI stock. *See Trust v. United States*, 1996 WL 77450, at *2 (6th Cir. Feb. 20, 1996) ("In analyzing whether the interest is valid against subsequent purchasers, we must evaluate the issue from the perspective of 'all hypothetical subsequent purchasers.'").

6

Here, the Trust's equitable ownership interest in the WVHI stock would not be valid against a hypothetical subsequent purchaser who had no notice of the agreement between Defendant Scherer and the Trust. *See Eylar v. Hall*, 1929 WL 2860, at *1 (Ohio Ct. App. Oct. 29, 1929) ("[T]he undisputed eviden[c]e in the case establishes that the defendant Wood purchased said stock without either notice or knowledge of the contract with the plaintiff. . . . [Plaintiff's] right to this stock was a latent right, not known to the defendant Wood, and must yield to the superior rights of Wood who now holds, as shown by the evidence, the legal title to this stock."); *Knight v. Shutz*, 141 Ohio St. 267, 281 (Ohio 1943) ("[A] transfer made under a decree of court will not conclude or otherwise affect the rights of a subsequent innocent purchaser where the outstanding certificate was not surrendered."). Indeed, under Ohio law, for the Trust to have an ownership interest in the WVHI stock that is valid against a subsequent purchaser without notice, the Trust would need to be in possession of the signed WVHI stock certificate. *See* O.R.C. §§ 1308.18, 1308.27, 1308.24, 1308.22. Defendant Scherer, however, never signed and physically delivered the WVHI stock certificate to the Trust. Consequently, because the Trust does not have an ownership interest in the WVHI stock that would be valid against a subsequent purchaser without notice under Ohio law, the Trust cannot be a protected purchaser of the WVHI stock within the meaning of §§ 6323(b)(1)(A) and (h)(6). *See Trust*, 1996 WL 77450, at *4 ("Under the Treasury Regulations interpreting 26 U.S.C. § 6323(h)(6), whether an interest is valid against 'subsequent purchasers without actual notice,' is framed wholly as a question of local law."). The Court, therefore, finds that the Government's federal tax liens against Defendant Scherer for tax years 1990, 1991, and 1992 attach to the WVHI stock.

## V. CONCLUSION

For the reasons stated herein, the Court **GRANTS** the Government's Motion for Reconsideration [#108]. The Government's federal tax liens against Defendant Scherer for tax years 1990, 1991, and 1992 hereby attach to both the Maples, Inc. stock and the WVHI stock.

In addition, the Court **DENIES AS MOOT** Defendant Holmes' Motion for Authority to Use Funds Traceable to WVHI [#107], the Government's Motion to File a Sur-Reply to Defendant Holmes' Motion [#124], the Government's Motion to Strike Defendant Scherer's Response to the Government's Motion for Reconsideration [#130], the Parties' Joint Motion for Extension of Time to Submit Deposition Schedule [#131], and the Government's Second Motion for Summary Judgment [#133].

Finally, the Court **VACATES** the Scheduling Order [#106], which sets forth the dates and deadlines governing the remainder of this case.

**IT IS SO ORDERED.**

                                                          **ALGENON L. MARBLEY**
                                                          **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: August 17, 2020**