IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | Case No. 2:19-cv-03634 |
| **Plaintiff,** : | |
| : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | **Magistrate Judge Kimberly A. Jolson** |
| **RONALD E. SCHERER, et al.,** : | |
| : | |
| **Defendants.** : | |

**OPINION & ORDER**

**I. INTRODUCTION**

Before the Court is a Motion for a Temporary Restraining Order by *pro se* Defendant Ronald E. Scherer. (ECF No. 163). This Court held a hearing on the motion on Monday, March 22, 2021 at 1:00 p.m. (ECF No. 165). For the reasons that follow, the Court **DENIES** Mr. Scherer's Motion.

**II. BACKGROUND**

On December 16, 2005, the United States Government made assessments of federal income taxes against Defendant Ronald E. Scherer for unpaid amounts during tax years 1990, 1991, and 1992. (ECF No. 76 at 10). At the time, Mr. Scherer owned 100 percent of the stock of Maples Health Care, Inc. ("Maples") and West Virginia Health Care, Inc. ("WVHI"). (*Id.* at 10−11). Maples is an operating company that runs an assisted living care and skilled nursing home business in a facility that is owned by WVHI. Together, Maples and WVHI are Mr. Scherer's most valuable assets. (ECF No. 139 at 2). Under 26 U.S.C. § 6321, when an individual is liable for a tax and then neglects or refuses to pay it after a demand, the amount owed becomes a lien in favor of the Government upon the individual's property and rights to property. Accordingly, federal liens in favor of the Government attached to Mr. Scherer's property, including stock in Maples and WVHI.

1

On May 15, 2014, the Government initiated a civil action against Mr. Scherer in the Southern District of Ohio, seeking to enforce federal tax liens on two properties (the "2014 Civil Action"). (2:14-cv-00452, ECF No. 1). On September 5, 2014, during the pendency of 2014 Civil Action, Mr. Scherer signed an agreement that gave his family trust, the Roger E. Scherer Trust ("Trust"), of which Defendant Douglas Q. Holmes is the Trustee, the option to acquire Mr. Scherer's stock in WVHI. (*Id.*, ECF No. 12 at 12). In exchange, the Trust was supposed to intervene in the 2014 Civil Action, pay for Mr. Scherer's litigation expenses, and treat a prior $6.2 million probate court judgment against Mr. Scherer as satisfied. (*Id.* at 12). The Trust exercised its option to acquire the WVHI stock on December 31, 2015. (*Id.*).

On July 26, 2017, this Court entered judgment in favor of the Government and against Mr. Scherer in the 2014 Civil Action. (*Id.*, ECF No. 193). In its Opinion and Order granting the Government's Motion for Summary Judgment, the Court concluded:

> Judgment is granted in favor of the Plaintiff United States of America and against Defendant Ronald E. Scherer for his liability for federal income taxes for 1990, 1991, and 1992 in the amount of $5,429,482.54, plus statutory accruals as allowed by law from June 30, 2017, until fully paid.

(*Id.*).

Mr. Scherer never paid his outstanding balance, which is now nearly $6 million due to statutory accruals that have attached. (2:19-cv-03634, ECF No. 139 at 1). As a result, the Government brought the case sub judice to enforce its federal tax liens on Mr. Scherer's stock in Maples, Inc. and WVHI and to appoint a receiver to sell the two corporations. (ECF No. 1 at 1).

After initiating the litigation, the Government sought a preliminary injunction on August 20, 2019 (ECF Nos. 3, 10). The Court held a hearing on the Government's motion on September 20, 2019, and entered the Preliminary Injunction, which primarily prohibited the Defendants, including Mr. Scherer, from engaging in certain actions until the Court otherwise provided. (ECF

No. 45). Notably, the Preliminary Injunction also reserved the Government's right to move for the appointment of a temporary receiver at any time. (*Id.*).

Since then, the Government and Mr. Scherer have both moved for summary judgment. Specifically, Mr. Scherer asked the Court to invalidate the Government's tax assessments (ECF No. 51), which the Court denied (ECF No. 104). The Government asked the Court to determine that the federal tax liens against Mr. Scherer attach to the both the Maples, Inc. and WVHI stock. (ECF No. 74). The Court initially granted in part and denied in part this motion, holding that the lien attached to the Maples, Inc. stock but that an open question of fact remained as to whether the lien attached to the WVHI stock. (ECF No. 104). After the Government moved for reconsideration on May 29, 2020 (ECF No. 108), however, the Court held that the Government's federal tax liens against Mr. Scherer do in fact attach to both the Maples, Inc. stock and the WVHI stock (ECF No. 138).

On December 18, 2020, the Government submitted a Motion for Order Appointing Receiver to Market for Sale the Stock and/or Assets of Maples, Inc. and WVHI. (ECF No. 139). Mr. Scherer filed a response in opposition, and the Government submitted its reply on March 1, 2021. (ECF Nos. 149, 161). In the meantime, Mr. Scherer submitted a Second Motion to Disqualify Judge Algenon L. Marbley from presiding over this case. (ECF No. 147). The Court has not yet ruled on either of these motions.

Finally, Mr. Scherer filed a Motion for Temporary Restraining Order ("TRO Motion") on March 9, 2021. (ECF No. 163). In the TRO Motion, Mr. Scherer asks the Court to grant: (1) an ex parte meeting so that he can present evidence that he says will show the Government and its attorneys have acted improperly regarding his tax liability; and (2) a temporary restraining order preventing the United States from pursuing any proceedings in this Court, under the Preliminary Injunction, until after he presents the evidence at the meeting. Alternatively, Mr. Scherer submits

that he is willing to participate in a settlement conference to discuss these issues. The Government filed a Response in Opposition on March 12, 2021. (ECF No. 164).

### III. STANDARD OF REVIEW

A temporary restraining order ("TRO") is an emergency measure. *Hartman v. Axton*, No. 2:20-CV-1952, 2020 U.S. Dist. LEXIS 72058, at *4 (S.D. Ohio Apr. 21, 2020) (citing *McGirr v. Rehme*, No. 16-464, 2017 U.S. Dist. LEXIS 61151, at *10 (S.D. Ohio Apr. 21, 2017)). Federal Rule of Civil Procedure 65(b) requires the Court to examine, on application for a temporary restraining order, whether "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant." Fed. R. Civ. P. 65(b)(1)(A). A temporary restraining order is meant "to prevent immediate and irreparable harm to the complaining party during the period necessary to conduct a hearing on a preliminary injunction." *Dow Chemical Co. v. Blum*, 469 F. Supp. 892, 901 (E.D. Mich. 1979).

To obtain temporary injunctive relief, it is of paramount importance that the party establish immediacy and irreparability of injury. *See, e.g.*, *Women's Med. Prof'l Corp. v. Baird*, No. 03-CV-162, 2008 WL 545015, at *1–2 (S.D. Ohio Feb. 27, 2008) (focusing on the irreparability and immediacy of harm before ruling on motion for TRO). While a court is permitted to consider the four factors required for issuance of a preliminary injunction, immediacy and irreparability of harm are threshold considerations and "all that is required" for a TRO. *ApplianceSmart, Inc. v. DeMatteo*, 2018 WL 6727094, at *2 (S.D. Ohio Dec. 21, 2018). The "burden of proving that the circumstances 'clearly demand' such an extraordinary remedy is a heavy one" since "[t]he party seeking the injunction must establish its case by clear and convincing evidence." *Marshall v. Ohio Univ.*, No. 2:15-CV-775, 2015 WL 1179955, at *4 (S.D. Ohio Mar. 13, 2015).

## IV. LAW & ANALYSIS

Mr. Scherer seeks to restrain the Government temporarily from any further use of the proceedings of this Court until the Court holds an ex parte meeting to review confidential information, which Mr. Scherer claims demonstrates improper actions by the Government. Mr. Scherer alleges that the requested meeting "will also demonstrate the malfeasance course of action of the government's counsel continuing to not follow the proper laws under US 26 and moving around Defendant Scherer's tax status without explanation or notification of what where when or why." (*Id.*).

Mr. Scherer did not address the immediacy or irreparability of the harm he faces in his TRO Motion. At the hearing, however, he explained that he faces harm due to the anticipated sale of his businesses by the Government during what he describes as current poor market conditions. In other words, Mr. Scherer opposes the Government's motion for appointment of a receiver to satisfy the taxes assessed against him.

### A. Ex Parte Meeting

As an initial matter, the Court considers whether an ex parte meeting is warranted. Because Mr. Scherer seeks a TRO until an ex parte meeting can occur, the TRO request will be moot if the meeting request is denied. The Government opposes Mr. Scherer's request for an ex parte meeting.

The Court finds that Mr. Scherer's request for an ex parte meeting is an effort to relitigate his tax liability. Mr. Scherer apparently intends to present evidence that he does not owe the taxes assessed against him should the ex parte meeting be granted, despite the fact that the Court has already entered judgment regarding his liability. He has attached several exhibits to his TRO Motion, including a legal opinion about his tax liability; his tax records from 1990, 1991, and 1992; and a trust agreement. Moreover, Mr. Scherer has argued multiple times in the past that he does not

owe the taxes at issue here and that improper assessments against him have resulted from fraud and malfeasance on the part of government agencies, banks, trustees, and lawyers. Since the Court has previously ruled on these issues, further litigation of Mr. Scherer's tax liability is barred by res judicata and/or collateral estoppel. Because there is no procedural basis for granting the request for an ex parte meeting, the Court **DENIES** Mr. Scherer's ex parte meeting request.

### B. Temporary Restraining Order

As the Court has denied the ex parte meeting, Mr. Scherer's TRO request is now moot. Even if the Court were willing to entertain Mr. Scherer's ex parte meeting request, he would still fail to establish that he faces an irreparable, immediate injury without an emergency injunctive relief. The Court needs not prevent the Government from submitting briefs in this case because court documents are not self-executing. Regardless of what type of motion the Government may file, the Court will be able to determine whether to grant or deny the relief sought, or whether to postpone its ruling under the circumstances. Mr. Scherer therefore has not shown immediacy or irreparability of harm without a TRO.

### V. CONCLUSION

For the reasons stated above, the Court **DENIES** Mr. Scherer's TRO Motion, both as to the request for an ex parte meeting and as to the TRO.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 31, 2021**