IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | Case No. 2:19-cv-03634 |
| **Plaintiff,** : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | Magistrate Judge Jolson |
| **RONALD E. SCHERER, et al.,** : | |
| : | |
| : | |
| **Defendants.** : | |

**OPINION & ORDER**

**I. INTRODUCTION**

Before the Court are two pending motions: (1) Defendant Douglas Q. Holmes' Second Motion for Attorney Fees (ECF No. 146); and (2) Defendant Ronald E. Scherer's Second Motion to Recuse Presiding Judge Algenon L. Marbley. (ECF No. 147). For the reasons set forth below, the Court **DENIES** Mr. Holmes' motion for attorney fees, and **DENIES** Mr. Scherer's motion to recuse.

**II. BACKGROUND**

On December 16, 2005, the United States Government made assessments of federal income taxes against Defendant Ronald E. Scherer for unpaid amounts during tax years 1990, 1991, and 1992. (ECF No. 76 at 10). At the time, Mr. Scherer owned 100 percent of the stock of Maples Health Care, Inc. ("Maples") and West Virginia Health Care, Inc. ("WVHI"). (*Id.* at 10−11). Maples is an operating company that runs an assisted living care and skilled nursing home business in a facility that is owned by WVHI. Together, Maples and WVHI are Mr. Scherer's most valuable assets. (ECF No. 139 at 2). Under 26 U.S.C. § 6321, when an individual is liable for a tax and then

1

neglects or refuses to pay it after a demand, the amount owed becomes a lien in favor of the Government upon the individual's property and rights to property. Accordingly, federal liens in favor of the Government attached to Mr. Scherer's property, including stock in Maples and WVHI.

On May 15, 2014, the Government initiated a civil action against Mr. Scherer in the Southern District of Ohio, seeking to enforce federal tax liens on two properties (the "2014 Civil Action"). (2:14-cv-00452, ECF No. 1). On September 5, 2014, during the pendency of 2014 Civil Action, Mr. Scherer signed an agreement that gave his family trust, the Roger E. Scherer Trust ("Trust"), of which Defendant Douglas Q. Holmes is the Trustee, the option to acquire Mr. Scherer's stock in WVHI. (*Id.*, ECF No. 12 at 12). In exchange, the Trust was supposed to intervene in the 2014 Civil Action, pay for Mr. Scherer's litigation expenses, and treat a prior $6.2 million probate court judgment against Mr. Scherer as satisfied. (*Id.* at 12). The Trust exercised its option to acquire the WVHI stock on December 31, 2015. (*Id.*).

On July 26, 2017, this Court entered judgment in favor of the Government and against Mr. Scherer in the 2014 Civil Action. (*Id.*, ECF No. 193). In its Opinion and Order granting the Government's Motion for Summary Judgment, the Court concluded:

> Judgment is granted in favor of the Plaintiff United States of America and against Defendant Ronald E. Scherer for his liability for federal income taxes for 1990, 1991, and 1992 in the amount of $5,429,482.54, plus statutory accruals as allowed by law from June 30, 2017, until fully paid.

(*Id.*).

Mr. Scherer never paid his outstanding balance, which is now nearly $6 million due to statutory accruals that have attached. (2:19-cv-03634, ECF No. 139 at 1). As a result, the Government brought the case sub judice to enforce its federal tax liens on Mr. Scherer's stock in Maples, Inc. and WVHI and to appoint a receiver to sell the two corporations. (ECF No. 1 at 1).

After initiating the litigation, the Government sought a preliminary injunction on August 20, 2019 (ECF Nos. 3, 10). The Court held a hearing on the Government's motion on September 20, 2019, and entered the Preliminary Injunction, which primarily prohibited the Defendants, including Mr. Scherer, from engaging in certain actions until the Court otherwise provided. (ECF No. 45). Notably, the Preliminary Injunction also reserved the Government's right to move for the appointment of a temporary receiver at any time. (*Id.*).

Since then, the Government and Mr. Scherer both moved for summary judgment. Specifically, Mr. Scherer asked the Court to invalidate the Government's tax assessments (ECF No. 51), which the Court denied (ECF No. 104). The Government asked the Court to determine that the federal tax liens against Mr. Scherer attach to the both the Maples, Inc. and WVHI stock. (ECF No. 74). The Court initially granted in part and denied in part this motion, holding that the lien attached to the Maples, Inc. stock but that an open question of fact remained as to whether the lien attached to the WVHI stock. (ECF No. 104). After the Government moved for reconsideration on May 29, 2020 (ECF No. 108), however, the Court held that the Government's federal tax liens against Mr. Scherer do in fact attach to both the Maples, Inc. stock and the WVHI stock (ECF No. 138).

Most recently, Mr. Holmes filed a Second Motion for Attorney Fees (ECF No. 146), and Mr. Scherer submitted a Second Motion to Recuse Judge Algenon L. Marbley from presiding over this case (ECF No. 147). Both motions are now fully briefed and ripe for review.

### III. LAW & ANALYSIS

### A. Motion for Attorney Fees

Defendant Douglas Holmes, as Trustee of the Roger L. Scherer Trust and the trusts formed from it, asks the Court for an order authorizing him to use the funds of WVHI to pay the

3

outstanding fees of his attorney, Thomas Holmes, who is his brother. Specifically, he asks the Court for $47,138.50 to pay past fees and an amount of up to $25,000 to pay future fees. The Government opposes this request.

This Court previously ruled that the WVHI stock remains subject to federal tax liens for Mr. Scherer's income taxes for 1990 through 1992, even though it was transferred to Defendant Holmes as Trustee. (ECF No. 138). Under 26 U.S.C. § 6321, the federal tax liens for Mr. Scherer's taxes attach to all of his ownership rights, including his ability to cause the corporation to: (1) distribute profits to him as dividends; (2) return capital to him; or (3) loan him money, whether secured or unsecured by corporate assets. This is because, under Section 6321, a federal tax lien encumbers "all property and all rights to property" belonging to the taxpayer. 26 U.S.C. § 6321. The broad statutory language that authorizes tax liens "reveals that Congress meant to reach every property interest that a taxpayer might have." *United States v. Craft*, 535 U.S. 274, 275 (2002) (quoting *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719−20 (1985)). The United States is now entitled to enforce its liens on the WVHI stock, which includes any funds that may be extracted from it via the exercise of ownership rights to a distribution or to direct a distribution to the owner's creditors. 26 U.S.C. § 7403.

Mr. Holmes therefore does not retain the right to use WVHI's funds for non-corporate purposes, despite his status as Trustee. When Mr. Scherer transferred his stock ownership to Mr. Holmes as Trustee, the federal tax liens continued to encumber the ownership interest in WVHI as well as the right to sell the stock. (ECF No. 138). Any surplus funds of WVHI that Defendant Holmes would use to pay his attorney fees would constitute either a dividend or a personal loan paid from the surplus funds of WVHI, and if the source was not retained earnings, the distribution would constitute a return of capital. (ECF No. 151 at 5−6). Use of corporate assets as collateral for

a loan would similarly implicate the ownership interest that is subject to the tax liens. (*Id.*). As proceeds of the ownership right, the funds themselves would become subject to the liens upon their distribution to either Defendant Holmes or any creditor of Holmes, such as his attorney. *See Phelps v. United States*, 421 U.S. 330, 334 (1975) (tax lien reattaches to a substitute for items subject to a lien); *Municipal Tr. and Sav. Banks v. United States*, 114 F.3d 99, 101 (7th Cir. 1997) ("[A]lthough the statute refers to property belonging to the taxpayer, it was established long ago that the lien follows any property substituted for what the taxpayer owned, provided that the chain of substitution can be traced."). Further, any use of WVHI's funds by Defendant Holmes for the benefit of the Trust may constitute conversion of property subject to federal tax liens. *See United States v. Drexler*, 1987 WL 28602, at *4 (E.D. Okla. Mar. 17, 1987) ("A knowing and intentional turn-over to a third person of monies subject to federal tax liens, contrary with the United States' demand for enforcement of its liens, and to the detriment of the tax lien, is a conversion of property, which will support a common law tort action for conversion of that tax lien.").

In addition to the federal tax statutes that prevent the Court from awarding attorney fees to Defendant Holmes in this matter, the Court also notes that Defendant Holmes and his attorney have known since the entry of the preliminary injunction order than any attorney fees incurred in excess of the $10,000 that the Order allowed to be paid with funds of WVHI might not be permitted to be paid with additional WVHI funds. (ECF No. 45 at 4). Indeed, Attorney Holmes represents that he has asked counsel for the Government to agree to his receiving payment from the WVHI funds multiple times, and that the Government consistently opposed his requests. (ECF No. 146 ¶¶ 12−14). Defendant Holmes and his attorney are also aware that the total value of Mr. Scherer's assets is insufficient to pay his tax debt.

Mr. Holmes argues that the Court previously agreed that relief should be granted to permit Mr. Holmes' attorney to continue representing him. (ECF No. 146 at 2). He quotes a statement by the Court at a May 21, 2020 status conference:

> THE COURT: Mr. Thomas Holmes, I was going to suggest that you could submit – you could file a motion asking for a revision of the budget if you need – if you anticipate that you're going to need however much money to act in defense of your brother. And so that's a relatively easy fix.

(*Id.*) (citing ECF No. 111 at 12−13). This statement by the Court indicates that it declined to rule on the request at the status conference and instead instructed Attorney Holmes as to how he could obtain a ruling on such a request. In so doing, the Court preserved the Government's right to oppose the request and the Court's ability to decide whether it would grant the request after it was fully apprised of the parties' respective arguments.

Moreover, at the time of the status conference, the Court had not yet determined that the tax lien attached to the WVHI stock. As described above, the Court initially denied summary judgment to the Government on this issue, holding that an open question remained as to whether the lien attached to WVHI's assets. After the status conference, on May 29, 2020, the Government moved the Court to reconsider its initial determination. (ECF No. 108). The Court then later determined that the tax lien did indeed attach to the WVHI stock, on August 17, 2020. (ECF No. 138). For these reasons, the Court's comments during the May 21, 2020 status conference do not indicate the Court's past conclusion that relief should be granted to resolve this motion.

The Court finds no basis for altering the injunction to permit Mr. Holmes to exercise his ownership rights to pay his attorney fees with WVHI funds because doing so would impair the enforcement of the tax liens. Mr. Holmes' motion for attorney fees is therefore **DENIED**.

## B. Motion for Recusal

Also before the Court is Mr. Scherer's second motion for recusal. Mr. Scherer previously filed a similar motion, seeking to recuse this Court on two primary grounds: (1) a perceived bias based on past unfavorable rulings; and (2) the undersigned's connection to a law firm that once opposed Mr. Scherer in an unrelated probate matter. (ECF No. 21). This Court denied motion, finding that recusal under 28 U.S.C. § 455 was not warranted.

Mr. Scherer's present motion for recusal expands on the factual allegations of his first motion and rehashes his contentions of bias on the part of this Court and fraud on the part of the Government. He alleges that the Court's previous rulings were motivated by a desire to prevent him from obtaining and presenting testimony from a member of the undersigned's former law firm. Similarly, he contends that this Court showed bias against him by depriving him of the opportunity to obtain and present evidence that he does not owe the taxes for which the Government was entered against him and that the Government committed fraud on the Court by misrepresenting the taxes he owes.[1]

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A party to a proceeding may bring a timely motion under 28 U.S.C. § 144 with an affidavit alleging facts sufficient to establish that "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party[.]" 28 U.S.C. § 144. An affidavit under § 144 must allege facts that would lead a reasonable person to believe a judge has a personal bias against the moving party. *Youn v. Track, Inc.*, 324

---

[1] In addition to seeking recusal, Mr. Scherer also attempts to relitigate his tax liability. As the Court has made clear on numerous occasions, Mr. Scherer's tax liabilities are barred from being relitigated under res judicata and/or collateral estoppel, and are no longer at issue in this case.

F.3d 409, 423 (6th Cir. 2003) (citing *Gen. Aviation, Inc. v. Cessna Aircraft, Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990)).

Personal bias sufficient for recusal must "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Youn*, 324 F.3d at 423 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1965)). Extrajudicial conduct encompasses only a judge's personal biases, not judicial ones arising from a judge's background or view of the law. *Youn*, 324 F.3d at 423. Thus, an affidavit alleging personal bias must declare that such bias "emanates from some source other than participation in the proceedings or prior contact with related cases." *Id.* Consequently, affidavits that are based exclusively on a judge's prior orders and oral statements are insufficient to warrant recusal. *Id.* Further, motions for recusal must be timely. 28 U.S.C. § 144. A party must file their affidavit supporting recusal no less than ten days before a proceeding is to be heard or at a later date with good cause for delay. *Id.*

Mr. Scherer's most recent filing does not support a different analysis and conclusion that the Court reached when it last considered his motion for recusal. Here, Mr. Scherer cannot prevail on a claim for recusal under 28 U.S.C. 455(b) because judicial rulings alone almost never constitute a valid basis for a claim of bias. Furthermore, his allegations that the Court was biased in its issuance of unfavorable rulings are conclusory and lack evidentiary support. Mr. Scherer also fails to support a claim for recusal under 28 U.S.C. 455(b)(2) because this Court did not serve as an attorney in the lawsuit that is before the Court. Finally, recusal under § 455(b)(5)(iii)−(iv) is not warranted because Mr. Scherer's claim that the Court will exhibit bias against him in order to protect the undersigned's former law firm amounts to pure speculation and does not satisfy his burden of justifying disqualification. Accordingly, the Court **DENIES** Mr. Scherer's motion.

## IV. CONCLUSION

For the reasons articulated above, the Court **DENIES** Mr. Holmes' Motion for Attorney Fees [#146] and **DENIES** Mr. Scherer's Motion to Disqualify [#147].

**IT IS SO ORDERED.**

                                                                                       _____
                                                                                        **ALGENON L. MARBLEY**
                                                                                        **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 31, 2021**