# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 2:19-cv-03634 |
| | : |
| v. | : CHIEF JUDGE ALGENON L. MARBLEY |
| | : |
| RONALD E. SCHERER, et al., | : Magistrate Judge Jolson |
| Defendants. | : |

## OPINION & ORDER

This matter is before the Court on two motions for reconsideration by Defendant Ronald E. Scherer. The first seeks reconsideration of this Court's March 31, 2021 Opinion and Order, which denied Mr. Scherer's second motion requesting recusal of Chief Judge Algenon L. Marbley (the "Recusal Decision"). (ECF No. 171). The second seeks reconsideration of this Court's April 5, 2021 Opinion and Order, which granted the Government's motion for appointment of a receiver. (ECF No. 173). For the reasons articulated below, this Court **DENIES** both motions.

## I. BACKGROUND

In 2002, the Internal Revenue Service ("IRS") issued a notice of deficiency to Defendant Ronald E. Scherer for unpaid income tax liabilities from the years 1990, 1991, and 1992. (2:14-cv-00452, ECF No. 193). Mr. Scherer contested these deficiencies in Tax Court beginning in 2003. In 2005, Mr. Scherer and the IRS entered into a stipulation and an Agreed Decision in Tax Court, which upheld the aforementioned deficiencies and penalties.

On December 16, 2005, the United States made assessments against Mr. Scherer for unpaid federal income taxes during tax years 1990, 1991, and 1992. (2:19-cv-03634, ECF No. 76 at 10).

At the time, Mr. Scherer owned 100% of the stock of Maples Health Care, Inc. ("Maples") and West Virginia Health Care, Inc. ("WVHI"). (*Id.* at 10–11). Maples is an operating company that runs an assisted living care and skilled nursing home business in a facility that is owned by WVHI. Together, Maples and WVHI are Mr. Scherer's most valuable assets. (ECF No. 139 at 2). Under 26 U.S.C. § 6321, when an individual is liable for a tax and then neglects or refuses to pay it after a demand, the amount owed becomes a lien in favor of the Government upon the individual's property and rights to property. Accordingly, federal liens in favor of the Government attached to Mr. Scherer's property, including his stock in Maples and WVHI.

On May 15, 2014, the Government initiated a civil action against Mr. Scherer in the Southern District of Ohio, seeking to enforce federal tax liens on two properties (the "2014 Civil Action"). (2:14-cv-00452, ECF No. 1). On September 5, 2014, during the pendency of the 2014 Civil Action, Mr. Scherer signed an agreement that gave his family trust, the Roger E. Scherer Trust ("Trust"), of which Defendant Douglas Q. Holmes is the Trustee, the option to acquire Mr. Scherer's stock in WVHI. (*Id.*, ECF No. 12 at 12). In exchange, the Trust was supposed to intervene in the 2014 Civil Action, pay for Mr. Scherer's litigation expenses, and treat a prior $6.2 million probate court judgment against Mr. Scherer as satisfied. The Trust exercised its option to acquire the WVHI stock on December 31, 2015.

On July 26, 2017, this Court entered judgment in favor of the Government and against Mr. Scherer in the 2014 Civil Action. (*Id.*, ECF No. 193). Specifically, the Court found that Mr. Scherer is liable for federal income taxes "in the amount of $5,429,482.54, plus statutory accruals as allowed by law from June 30, 2017, until fully paid." (*Id.* at 6).

Mr. Scherer never paid his outstanding balance, which is now nearly $6 million due to statutory accruals that have attached. (2:19-cv-03634, ECF No. 139 at 1). As a result, the

Government brought the case sub judice to enforce its federal tax liens on Mr. Scherer's stock in Maples and WVHI and to appoint a receiver to sell the two corporations. (ECF No. 1 at 1).

After initiating the litigation, the Government sought a preliminary injunction on August 20, 2019 (ECF Nos. 3, 10). This Court held a hearing on the Government's motion on September 20, 2019 and entered the preliminary injunction, which primarily prohibited Defendants, including Mr. Scherer, from engaging in certain actions until this Court otherwise permits. (ECF No. 45). Notably, the preliminary injunction also reserved the Government's right to move for the appointment of a temporary receiver at any time.

Since then, both the Government and Mr. Scherer moved for summary judgment. Specifically, Mr. Scherer asked this Court to invalidate the Government's tax assessments, which this Court denied. (ECF Nos. 51, 104). The Government asked the Court to determine that the federal tax liens against Mr. Scherer attach to both the Maples and WVHI stock. (ECF No. 74). This Court initially granted in part and denied in part the Government's motion, holding that the lien attached to the Maples stock but that an open question of fact remained as to whether the lien attached to the WVHI stocks. (ECF No. 104). After the Government moved for reconsideration on May 29, 2020, however, this Court ruled that the Government's federal tax liens against Mr. Scherer did in fact attach to both the Maples stock and the WVHI stock. (ECF Nos. 108, 138).

On December 18, 2020, the Government submitted a Motion for Order Appointing Receiver to Market for Sale the Stock and/or Assets of Maples and WVHI, which this Court ultimately granted. (ECF Nos. 139, 170). Additionally, Mr. Scherer filed a Second Motion to Disqualify Judge Algenon L. Marbley from presiding over the case, which this Court denied. (ECF Nos. 147, 169).

Most recently, on April 13, 2021, Mr. Scherer submitted a Motion for Reconsideration of Denial of Second Motion for Recusal, requesting this Court to reconsider disqualifying Judge Marbley from hearing this case. (ECF No. 171). Further, on April 19, 2021, Mr. Scherer submitted a Motion for Reconsideration of Order Appointing Receiver. (ECF No. 173). The Government filed responses in opposition to both of Mr. Scherer's motions on April 19, 2021 and April 20, 2021, respectively. (ECF Nos. 172, 174). Both motions are now ripe for review.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. *Doyle v. Pollit*, No. 2:08-CV-761, 2010 WL 658652, at *1 (S.D. Ohio Feb. 22, 2010) (citing *Rodriquez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)). Regardless, "[d]istrict courts have authority both under common law and [Federal Rule of Civil Procedure] 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of a final judgment." *Id.* Motions for reconsideration serve a limited function and are justified only when there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Id.* Motions for reconsideration are "not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Doyle*, 2010 WL 658652, at *1 (citing *J.P. v. Taft*, No. C2-04-692, 2006 U.S. Dist. LEXIS 14595, 2006 WL 689091, at *13 (S.D. Ohio Mar. 15, 2006)). Relief is granted if the previous order presents a clearly erroneous legal or factual issue. *King Lincoln Bronzeville Neighborhood Ass'n v. Blackwell*, No. 2:06-CV-0745, 2009 LEXIS 120011, at *4 (S.D. Ohio Dec. 22, 2009).

Generally, the pleadings of pro se litigants are held to less stringent standards than pleadings drafted by lawyers. *Ruhl v. Brown*, No. 2:13-CV-00716, 2015 WL 5117951, at *2 (S.D.

Ohio Sept. 1, 2015). This is because the Sixth Circuit determined that the "rights of pro se litigants require careful protection where highly technical requirements are involved, especially when enforcing those requirements might result in a loss of the opportunity to prosecute or defend a lawsuit on the merits." *Brown v. Matauszak*, 415 F. App'x 608, 616 (6th Cir. 2011) (citing *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984)). A plaintiff's status as a pro se litigant, however, "does not discharge him from adhering to the requirements of the Federal Rules of Civil Procedure nor the Local Rules for this District." *Despot v. Am. Income Life Ins. Co.*, No. 1:10-CV-932, 2012 WL 787387, at *1 (S.D. Ohio Mar. 9, 2012); *Gallant v. Holdren*, No. 1:15-CV-00383, 2018 WL 919875, at *2 (S.D. Ohio Feb. 15, 2018), *report and recommendation adopted*, No. 1:16-CV-383, 2018 WL 1535912 (S.D. Ohio Mar. 29, 2018).

### III. LAW & ANALYSIS

#### A. The Recusal Decision

Mr. Scherer moves the Court to reconsider its Recusal Decision, seeking to disqualify Chief Judge Algenon L. Marbley from hearing the present case. (ECF No. 171). Mr. Scherer cites Federal Rule 60(b)(3) and 60(d)(3), referencing fraud on the court as the basis for reconsideration. Mr. Scherer adds that a previous Opinion and Order bars him from relitigating the 1990–92 tax obligations, which he claims violates his Due Process right to be heard. (*See* ECF No. 169 at 7, n.1).

The Government opposes Mr. Scherer's motion for reconsideration of the Recusal Decision because his request rehashes the arguments posed in his previous motions for recusal (ECF Nos. 21, 147), which this Court has already denied (ECF Nos. 36, 169). The Government also opposes the entry of a final order allowing appeal.

This Court previously considered the issue of disqualifying Chief Judge Marbley and found insufficient evidence to warrant recusal, noting Mr. Scherer's assertion of personal bias was purely speculative. (ECF No. 169 at 7–8). As this Court previously explained, the motion for reconsideration does not present information that would support a different analysis or conclusion. First, Mr. Scherer cites no intervening change in law. Second, Mr. Scherer presents no new evidence that the Court has not already considered. While Mr. Scherer asserts that he has identified new evidence—expert reports—to support his fraud on the court claim, his tax obligation is not an issue in this case. The 1990–1992 tax assessments were litigated in a previous case and determined to constitute a final judgment because Mr. Scherer stipulated to the decision in Agreed Tax Court. (2:14-cv-00452, ECF No. 193). Furthermore, fraud on the court falls under Federal Rule of Civil Procedure 60, which applies to requests for relief from a final judgment in a current case, not a past one.

Finally, Mr. Scherer presents no clear error or manifest injustice that resulted from this Court's denial of recusal. Mr. Scherer argues the Court was biased because it issued unfavorable rulings, but an unfavorable ruling does not automatically constitute bias. Mr. Scherer's Motion for Summary Judgment was denied because the final decision in the Agreed Tax Court was a valid, stipulated judgment and not a disputed fact. Thus, the denial of the motion was based on the merits of the case. Accordingly, Mr. Scherer's Motion for Reconsideration of Denial of Second Motion for Recusal is **DENIED**.

### B. Alternative Relief Requested

Because this Court has denied the motion for reconsideration, Mr. Scherer alternatively seeks an order allowing him to appeal immediately. Specifically, he asks the Court to enter the denial as a final judgment so that he may appeal it now, under Federal Rule of Civil Procedure 60.

The ruling on the Recusal Decision, however, is not a final judgment because the decision will not resolve the present case. Instead, the Court's ruling on the Recusal Decision is an interlocutory order. An interlocutory order is a temporary order issued during the pendency of litigation and is fully reviewable after entry of a final judgment. *Cooper v. United States*, No. 2:03-cv-479, 2007 LEXIS 40422, at *2 (S.D. Ohio June 4, 2007) (quoting United *States v. Wilson*, No. 90-2207, 1990 U.S. App. LEXIS 20753, at *1 (6th Cir. Nov. 28, 1990)).

In extraordinary circumstances, a Court may allow an interlocutory appeal pursuant to 28 U.S.C. § 1292, the collateral order exception. Interlocutory appeals are only appropriate when the prospective appeal involves a controlling question of law, a substantial ground for difference of opinion, and the possibility that an immediate appeal would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *see also Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949) (noting the exception applies to a small class of cases where the rights asserted are too important and too independent from the cause of action to wait for final adjudication).

Even if the Court were to construe Mr. Scherer's request as a motion to certify an order for interlocutory appeal, his request would not be granted. In dismissing the appeal of an order denying recusal, the Sixth Circuit previously ruled that "an order denying recusal is not immediately appealable under the collateral order doctrine." *Mischler v. Bevin*, 887 F.3d 271, 271–72 (6th Cir. 2018) (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373–75, 378 n.13 (1981)). Accordingly, Mr. Scherer's Request for Alternative Relief is **DENIED**.

### C. The Receiver Appointment

Mr. Scherer also asks the Court to reconsider the Receiver Appointment, arguing this Court's decision was based on incomplete and false background information. (2:19-cv-03634, ECF

7

No. 173). Specifically, he argues the 1990, 1991, and 1992 tax year assessments are incorrect amounts. Mr. Scherer suggests that "falsities" in the factual background led to an improper seizure and forfeiture of his assets, thus resulting in clear error and manifest injustice when this Court ordered the appointment of receiver. In response, the Government asserts that Mr. Scherer is barred from raising this tax assessment argument because the Court rejected the same argument multiple times. (ECF No. 174).

Here, no intervening change of law, new evidence, or manifest injustice warrants reconsideration of the appointment of receiver. Since the Court first appointed a receiver, no relevant intervening change of law has passed. Further, Mr. Scherer offers no new evidence to support his argument that the Government inaccurately reported his income; the falsities he claims relate to tax assessments to which he agreed in the previous action. Further, Mr. Scherer cannot explain how a clear error or manifest injustice resulted from this Court's Receiver Appointment. As the Court previously determined when considering Mr. Scherer's Motion for Summary Judgment, his argument about the 1990–92 tax assessments is barred by collateral estoppel:[1]

> [D]espite choosing not to file a response to the Government's Motion for Summary Judgment in the 2014 suit, Defendant Scherer had a full and fair *opportunity* to litigate the issue. *See Shields v. Reader's Digest Ass'n*, 173 F. Supp. 2d 701, 701 (E.D. Mich. 2001) ("Determining whether a party has had a "full and fair" opportunity to litigate an issue necessarily a discretionary exercise.").
>
> In short, Defendants are estopped from relitigating whether Defendant Scherer owes back taxes for the years 1990, 1991, and 1992.

(ECF No. 104 at 4–5).[2]

---

[1] This Court also found that the Tax Court assessment was a final judgment for res judicata purposes. (ECF No. 104 at 5).
[2] See ECF No. 104 for this Court's full analysis of collateral estoppel as it relates to the 1990–92 tax assessments.

Mr. Scherer stipulated to the agreement of his liability for the 1990, 1991, and 1992 tax year assessments and he had a full and fair opportunity to be heard on the merits of this case. To allow reconsideration of Mr. Scherer's tax assessment arguments would permit him to re-litigate an issue that has been fully adjudicated. Accordingly, Mr. Scherer's Motion for Reconsideration of the Receiver Appointment is **DENIED**.

## IV. CONCLUSION

For the reasons articulated above, this Court **DENIES** both of Mr. Scherer's motions for reconsideration. (ECF Nos. 171, 173).

**IT IS SO ORDERED.**

                                      **ALGENON L. MARBLEY**
                                      **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: July 6, 2021**