IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Case No. 2:19-cv-03634 |
| Plaintiff, | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge Jolson |
| RONALD E. SCHERER, ET AL, | : |
| | : |
| Defendants. | : |

## ORDER

This matter is before the Court on Defendant Ronald E. Scherer's: (1) Request to File Motion Under Rule 7.3 for Addressing the Court's Order Document Signed by Judge Marbley (ECF No. 176); and Motion Under Rule 7.3 for Addressing the Court's Order Document Signed by Judge Marbley (ECF No. 177). For the reasons stated more fully below, this Court **GRANTS** his first motion (ECF No. 176); and **DENIES** his second (ECF No. 177).

### I. BACKGROUND

#### A. Factual Background

A recitation of the factual background of this case was fully set out in this Court's July 6, 2021 Opinion and Order. (ECF No. 175). Although Defendant Scherer's Motion purports to add to this record, his assertions will be primarily addressed as argument. (*See* ECF No. 177). Thus, the Court adopts the factual background as set out in its recent Opinion and Order. (ECF No. 175).

#### B. Procedural Background

On July 6, 2021, the Court entered its Opinion and Order Denying the Defendant's motions for reconsideration (ECF Nos. 171, 173). (ECF No. 175). There, Defendant Scherer requested that

the Court reconsider its decisions to: (1) deny Defendant's motion to have Chief Judge Algenon L. Marbley disqualified from hearing the case sub judice (ECF No. 169); and (2) grant the Government's Motion for Ordering Appointing Receiver to Market for Sale the Stock and/or Assets of Maples and WVHI (ECF No. 170). (*See id.*).

The Court concluded that Defendant Scherer's assertion of personal bias concerning Chief Judge Marbley was purely speculative. (*Id.* at 6). Additionally, Mr. Scherer failed to cite any intervening change in law, new evidence that the Court had not already considered, clear error or manifest injustice that resulted from the Court's denial of recusal. (*See id.*). The Court decided that the evidence Mr. Scherer offered to present in support his allegations of bias—expert reports—was irrelevant; importantly, his tax obligations were already litigated in a previous suit. (*Id.*).

The Court also addressed Mr. Scherer's request to reconsider the Receiver Appointment (ECF No. 173). (*See id.* at 7). Mr. Scherer argued that the "Court's decision was based on incomplete and false background information." (*Id.*) (citing ECF No. 173). That is, he argued that his tax assessments from the years 1990 through 1992 were incorrect and led to an improper seizure of his assets. (*Id.* at 8) (citing ECF No. 173). The Court resolved this dispute, in part, by citing to its May 15, 2020 Order, finding Defendant Scherer's arguments—concerning his 1990-1992 tax assessments—barred by collateral estoppel. (*Id.*).

On July 20, 2021, Defendant Scherer filed two motions. In the first, Defendant Scherer seeks leave to file his Motion for Reconsideration. (ECF No. 176). In the second, Defendant Scherer again argues that the Court should reconsider its past Order (ECF No. 177). Plaintiff filed its Response in Opposition on July 28, 2021. (ECF No. 178). The Plaintiff's Motions are now ripe for review.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. *Doyle v. Pollit*, No. 2:08-CV-761, 2010 WL 658652, at *1 (S.D. Ohio Feb. 22, 2010) (citing *Rodriquez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)). Regardless, "[d]istrict courts have authority both under common law and [Federal Rule of Civil Procedure] 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of a final judgement." *Id*. Motions for reconsideration serve a limited function and are justified only when there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Id*. Motions for reconsideration are "not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Doyle*, 2010 WL 658652 at *1 (citing *J.P v. Taft*, No. C2-04-692, 2006 U.S Dist. LEXIS 14595, 2006 WL 689091, at *13 (S.D. Ohio Mar. 15, 2006)). Relief is granted if the previous order presents a clearly erroneous legal or factual issue. *King Lincoln Bronzeville Neighborhood Ass'n v. Blackwell,* No. 2:06-CV-0745, 2009 WL 5066912, at *1 (S.D. Ohio Dec. 22, 2009). A motion for reconsideration, "cannot be used to raise legal arguments that could have been raised before the Court issued its decision [and] a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier." *Powers v. United States,* No. 16-CV-13668, 2019 WL 1397239, at *2 (E.D. Mich. Mar. 28, 2019) (internal quotations omitted) (citing *Adkins v. Kroger Ltd. P'ship*, No. 5:18-156, 2018 WL 6613786, at *3 (E.D. Ky. Dec. 18, 2018) and *Shah v. NXP Semiconductors USA, Inc.*, 507 F. App'x 483, 495 (6th Cir. 2012)).

Generally, the pleadings of pro se litigants are held to less stringent standards than pleadings drafted by lawyers. *Ruhl v. Brown*, No. 2:13-CV-00716, 2015 WL 5117951, at *2 (S.D.

Ohio Sept. 1, 2015). This is because the Sixth Circuit determined that the "rights of pro se litigants require careful protection where highly technical requirements are involved, especially when enforcing those requirements might result in a loss of the opportunity to prosecute or defend a lawsuit on the merits." *Brown v. Matauszak*, 415 F. App'x 608, 616 (6th Cir. 2011) (citing *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984)). A plaintiff's status as a pro se litigant, however, "does not discharge him from adhering to the requirements of the Federal Rules of Civil Procedure nor the Local Rules for this District." *Despot v. Am. Income Life Ins. Co.*, No. 1:10-CV-932, 2012 WL 787387, at *1 (S.D. Ohio Mar. 9, 2012); *Gallant v. Holdren*, No. 1:15-CV-00383, 2018 WL 919875, at *2 (S.D. Ohio Feb. 15, 2018), *report and recommendation adopted*, No. 1:16-CV-383, 2018 WL 1535912 (S.D. Ohio Mar. 29, 2018).

### III. LAW & ANALYSIS

Defendant Scherer moves the Court to reconsider, its July 6, 2021 Order denying his previous Motions for Reconsideration. (ECF No. 177 at 1). Here, he again asks the Court to reconsider its decision to Appoint a Receiver on two bases: (1) the presentation of new evidence (*Id.* at 2); and (2) a new legal theory: the doctrine of "Void Ab Initio" (*Id.* at 3). The Court will address these arguments in turn.

First, Defendant Scherer moves the Court to reconsider its decision to Appoint a Receiver, *again*, "arguing that this Court's decision was based on incomplete and false background information and an overall lack of evidence." (ECF No. 175 at 7); (*See* ECF No. 177 at 2). Notably, this Court has already considered and rejected this precise argument:

> Mr. Scherer stipulated to the agreement of his liability for the 1990, 1991, and 1992 tax year assessments and he had a full and fair opportunity to be heard on the merits of this case. To allow reconsideration of Mr. Scherer's tax assessment arguments would permit him to re-litigate an issue that has been fully adjudicated.

4

> Accordingly, Mr. Scherer's Motion for Reconsideration of the Receiver Appointment is **DENIED**.

(ECF No. 175 at 9) (emphasis in original). Indeed, Plaintiff filed substantively identical Motions for Reconsideration, with large swaths from the earlier brief clearly repeated in the latter. (*Compare* ECF Nos. 173 and 177).

To the extent a new theory is advanced, Defendant only does so in name, citing the "void ab initio doctrine" as a basis for declaring his stipulated agreement of tax liability void. (ECF No. 177 at 3). Moreover, motions for reconsideration "cannot be used to raise legal arguments that could have been raised before the Court issued its decision." *Powers*, 2019 WL 1397239, at *2. Finally, Defendant Scherer—although not clearly—appears to also argue that this Court's alleged bias is also subject to this void ab initio doctrine. (*Id.*).

Importantly, both arguments simply rehash and restyle previously asserted arguments. Throughout the case, Defendant has asserted that this Court is biased and must recuse itself. This issue was also resolved in the Court's July 6, 2021 Opinion and Order (ECF No. 175). Further, Defendant Scherer's attempts to attack the stipulated agreement—characterizing it as void—is substantially the same avenue of attack as his presentation of new evidence argument.

The sole purpose of Defendant Scherer's presentation of "evidence," of course, was to demonstrate that there was an issue with his stipulated agreement concerning his tax liability. For this argument to get off the ground it necessarily relies on previously considered and rejected "evidence" and argument:

> Mr. Scherer has argued multiple times in the past that he does not owe the taxes at issue here and that improper assessments against him have resulted from fraud and malfeasance on the part of government agencies, banks, trustees, and lawyers. Since the Court has previously ruled on these issues, further litigation of Mr.

> Scherer's tax liability is *barred* by res judicata and/or collateral estoppel.

(ECF No. 168 at 5–6).

As previously held, this Court finds in the case sub judice:

> no intervening change of law, new evidence, or manifest injustice warrants reconsideration of the appointment of receiver. Since the Court first appointed a receiver, no relevant intervening change of law has passed. Further, Mr. Scherer offers no new evidence to support his argument that the Government inaccurately reported his income; the falsities he claims relate to tax assessments to which he agreed in the previous action

(ECF No. 175 at 8).

Thus, this Court finds that Defendant Scherer has again failed to meet the standard required for the Court to reconsider its ruling. Accordingly, this Court **DENIES** Defendant's Scherer's Motion for Reconsideration (ECF No. 177).

## IV. CONCLUSION

For the reasons articulated above, this Court **GRANTS** Defendant Scherer's Request to File Motion Under Rule 7.3 for Addressing the Court's Order Document Signed by Judge Marbley (ECF No. 176); and **DENIES** Defendant Scherer's (Pro Se) Motion Under Rule 7.3 for Addressing the Court's Order Document Signed by Judge Marbley (ECF No. 177).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 15, 2022**