IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. 2:19-cv-03634 |
| Plaintiff, | : | |
| | : | Chief Judge Algenon L. Marbley |
| v. | : | |
| | : | Magistrate Judge Jolson |
| RONALD E. SCHERER, et al., | : | |
| | : | |
| Defendants. | | |

# ORDER

This matter comes before the Court on Defendant Ronald E. Scherer's Motion for Discovery. (ECF No. 187). Defendant moves the Court for an order requiring the Government and other parties to provide copies of non-disclosure agreements, appraisals, and a bond executed by the Limited Purpose Receiver in addition to all emails, notes, or other communication related to the same. (*Id.*). Plaintiff does not identify any authority for the basis of his request. (*Id.*). Because Defendant Scherer fails to show that he is entitled to his request or that this Court is otherwise authorized to grant his Motion, his Motion is **DENIED**.

This Court previously denied Defendant Scherer's request (ECF No. 52) for evidence including "the conditions and notes of any settlement agreement entered into between the government and Defendant Scherer." (ECF No. 98, Order Denying Motion for Discovery). As with the prior motion, this request is construed as a Motion to Compel Discovery pursuant to Federal Rule of Civil Procedure 37. Rule 37(a) provides that, on notice to other parties and all affected persons, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Notably, "[t]he motion must include a certification that the movant has in good

1

faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id*.

In addition to failing to make this certification, Defendant Scherer has not otherwise demonstrated that he adequately met and conferred in good faith prior to seeking judicial intervention. Defendant Scherer must comply with the obligation under Rule 37(a) to try to resolve discovery issues with opposing counsel before seeking judicial intervention and perfunctory communication is insufficient. *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 464 (S.D. Ohio 2015) (citing Fed. R. Civ. P. 37(a)(1); S.D. Ohio Civ. R. 37.1) ("Under Rule 37 and the corresponding provision of the Southern District of Ohio's Local Rules, counsel have an obligation to attempt in good faith to resolve all discovery disputes extrajudicially (i.e., without Court intervention) before filing motions to compel discovery"); *see Benavidez v. Sandia Nat'l Labs.*, 319 F.R.D. 696, (D.N.M. 2017) ("Such a good-faith effort might be established by telephonic conference, contemporaneous email communication, or the now-rare personal meeting amongst parties. Whether the parties engaged in a good-faith conference will involve a case-by-case consideration of the facts, and that consideration might differ from docket to docket…. In the case of a violation, the Court may then summarily deny a motion to compel in the event the Court concludes that the movant failed to confer with opposing counsel in good faith."). Moreover, "[t]he certification requirements of both provisions are intended to minimize the need for Court intervention in discovery-related matters so as to preserve scarce judicial resources while simultaneously promoting the maximum level of cooperation possible between the parties." *Lauren Green, et al., Plaintiffs v. Platinum Restaurants Mid-America, LLC, d/b/a Eddie Merlot's Prime Aged Beef And Seafood Defendant*, No. 3:14-CV-439-RGJ, 2018 WL 11426960, at *11 (W.D. Ky. July 12, 2018)

(citing *Johnson v. Hazou*, No. 1:15CV1811, 2016 WL 4194128 at *1 (N.D. Ohio Aug. 9, 2016) (referring to the certification requirements in Rule 37).

Additionally, Defendant Scherer lodges a series of assertions absent authority and factual support. Perhaps most notable is his contention that this Court changed the terms of subsection H paragraph 5 "Motion for Approval of Sale" (ECF No. 170) by removing the fourteen-day objection period after Authorizing the Receiver to Hire an Attorney (ECF No. 184). In addition to being factually inaccurate, this assertion was addressed in a previous Order and will not be revisited because the same applies. (ECF No. 184, Order). Because the other complaints advanced by Defendant Scherer do not request relief, the Court simply notes Defendant's numerous grievances. For the reasons stated more fully above, the Court **DENIES** Defendant Scherer's Motion for Discovery.

**IT IS SO ORDERED.**

                                                                              ALGENON L. MARBLEY
                                                                              CHIEF UNITED STATES DISTRICT JUDGE

**DATED:  September 19, 2022**