UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:19-cv-3634 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| **RONALD E. SCHERER**, *et al.*, | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| Defendants. | : | |

**ORDER**

This matter is before this Court on Defendant Ronald Scherer's two letters filed with this Court regarding Mr. Scherer's health issues. (ECF Nos. 281, 287). Each letter requests "an extension or postponement of any impending deadlines and/or hearings regarding this matter". (ECF Nos. 281, 287). This Court construes each letter as a Motion for an Extension of Time.

On July 24, 2024, this Court ordered a Preliminary Show Cause Hearing upon the Plaintiff United States of America's (the "Government's") Emergency Motion for Order to Show Cause. (ECF No. 275). Mr. Scherer was ordered to Show Cause why he should not be held in contempt and why he and National Sign & Signal Co. ("National Sign"), an entity for which he is the President and CEO, should not be required to return certain funds misappropriated by him. (ECF No. 275). On September 2, 2024, after failing to appear at the Show Cause Hearing scheduled for July 31, 2024, Mr. Scherer filed the first letter (the "First Motion"). (ECF No. 281).  On October 11, 2024, Mr. Scherer filed the second letter with a similar request (the "Second Motion"). (ECF No. 287). The Government only opposes the First Motion. (*See* ECF Nos. 283, 289).

In the First Motion, Mr. Scherer explains that he has been "unable to participate in the above-style[d] case due to a serious medical condition," involving hospitalizations beginning on July 16, 2024. (ECF No. 281). Mr. Scherer writes that he is currently hospitalized and requests

that the Court extend any pending deadlines and/or continue upcoming hearings for an unspecified amount of time.  (*Id.*).  During that time, Mr. Scherer also failed to respond to the Government's request that Hinshaw & Culbertson, a law firm, turn over the $360,000 that Mr. Scherer deposited there after withdrawing the sum from the relevant operating account.  (*See* ECF No. 274).

The Government responded to Mr. Scherer's First Motion, asking that the Preliminary Show Cause Hearing proceed as to both Mr. Scherer and National Sign despite Mr. Scherer's hospitalization.  (ECF No. 283).  The Government notes that it spoke with Mr. Scherer's wife, who lives apart from Mr. Scherer, and that she explained that Mr. Scherer had been hospitalized in Michigan since he was found in a hotel room there in early July.  In the Government's view, although Mr. Scherer's health issues appear to be serious, Mr. Scherer's filing on August 27, 2024, of a new, pro se Complaint[1] in Volusia County, Florida against the undersigned and several U.S. Department of Justice-Tax U.S. Division attorneys, among other defendants, indicates that Mr. Scherer is capable of participating in this litigation, too.

The Court has "inherent authority to manage" its docket and affairs "with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S.Ct. 1885, 1892 (2016) (collecting cases).  This Court finds that Mr. Scherer failed to show good cause for an *indefinite* extension. Mr. Scherer was capable of participating in this litigation, at least with respect to this preliminary, non-evidentiary hearing, given his ability to file a new lawsuit in Volusia County, Florida, between the time of the Show Cause hearing Mr. Scherer failed to attend in July and the First Motion filed in September.  This Court declines to stay this litigation *indefinitely* without a

---

[1] Mr. Scherer filed the complaint in the Seventh Judicial Circuit in and for Volusia County, Florida. On September 9, 2024, the case was removed to the Middle District of Florida. The complaint includes claims of fraud, violation of oath, and racketeering. *Scherer v. JP Morgan Chase Bank N.A. et al*, 6:24-cv-01616-PGB-RMN.

2

clearer indication that Mr. Scherer is totally incapable of participating and, therefore, the First Motion (ECF No. 281) is **DENIED**.

Mr. Scherer has since filed the Second Motion to the Court, dated October 11, 2024, restating that he is "unable to participate in the above-style[d] case due to a serious medical condition," and stating he has been hospitalized since around October 6, 2024, and he will be hospitalized indefinitely. (ECF No. 287). In the Second Motion, Mr. Scherer requests an extension "of any impending deadlines and/or hearings" for twenty-five (25) to thirty (30) days. (ECF No. 287). Unlike the indefinite extension requested in the First Motion (ECF No. 281), the Second Motion provides a timeframe for the requested extension. (*See* ECF No. 287). Additionally, on October 11, 2024, Mr. Scherer filed a notice in his new case in Volusia County, Florida, with the same request for an extension of time of any impending deadlines or hearings.  While Mr. Scherer may have been capable of participating in the litigation *sub judice* while he was filing the new lawsuit in Volusia County, Florida, this Court finds he is no longer capable of participating in the litigation *sub judice* for the twenty-five (25) to thirty (30) days following the filing of his Second Motion. The Government does not oppose the Second Motion. (ECF No. 289). For good cause shown, this Court **GRANTS** Mr. Scherer's Second Motion (ECF No. 287).

Accordingly, it is hereby **ORDERED** that:

1. Defendant Ronald E. Scherer shall appear for a preliminary show cause hearing before this Court on **Wednesday, November 13, 2024, at 1:30 p.m.**  This preliminary show cause hearing will be **non-evidentiary and will be conducted by Zoom**, with instructions provided by the Clerk.

2. The United States shall serve a copy of this Order on Defendant Ronald E. Scherer by email to Defendant Scherer at rscherer@mlmax.com, and by mailing a copy of such Order to Defendant Ronald E. Scherer at P.O. Box 730478, Daytona Beach, FL 32173-0478. An additional

copy may be (but is not required to be) delivered to him by any other means the United States determines is likely to reach him.

3. Proof of service done pursuant to paragraph 2, above, shall be filed with the Clerk as soon as practicable.

4. Defendant Ronald E. Scherer shall submit, in a writing filed with the Clerk of the Court, a response that includes an accounting for all funds spent or transferred that were initially retained by him personally (believed to be $50,000) or that were transferred to National Sign & Signal Co. ("National Sign") (believed to be $75,000), along with all supporting evidence, if any, **no later than forty-five (45) days after entry of this Order**.

5. Defendant Ronald E. Scherer continues to be enjoined from dissipating, and shall take all steps necessary to prevent dissipation of, any of the remaining money that was paid to him from the original $586,757 that he transferred, including by demanding the return of any funds that have been transferred to any other persons with the exception of the funds held by Hinshaw & Culbertson LLP, which had agreed to retain the funds it received pending further order of this Court (which is now included below), and any funds held by National Sign that it is still enjoined from transferring.

6. David Krauss, National Sign's VP of Operations, with whom the United States has been in contact, shall appear on behalf of National Sign for a preliminary show cause hearing before this Court on **Wednesday, November 13, 2024 at 3:00 p.m**., where National Sign shall provide all reasons, if any, it should not be required to remit such funds to the Court's registry and to provide the United States with information regarding the disposition of any portion of the $75,000 that it contends it cannot recover. This preliminary show cause hearing will be **non-evidentiary and will be conducted by Zoom** with instructions to be provided by the Clerk. National Sign's failure to appear at the rescheduled preliminary show cause hearing may result in not only an order

to return the $75,000 (or pay it to the United States) but also civil contempt sanctions including increasing daily monetary sanctions for its continued noncompliance. The Court notes that, to the extent National Sign's non-compliance thus far may be based on supposed lack of in personam jurisdiction, this Ohio Rev. Code § 2307.382 provides that a court in Ohio "may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's…(3) [c]ausing tortious injury by an act or omission in this state." Ohio Rev. Code § 2307.382(A)(3). Ronald Scherer, as an officer of National Sign, is properly considered its agent for purposes of having transferred funds to it.

7. The United States shall serve this Order on National Sign by any means calculated to provide actual notice. Actual notice to David Kraus shall constitute actual notice to National Sign (as will service on Mr. Scherer as its CEO).

8. Proof of service done pursuant to paragraph 7, above, shall be filed with the Clerk as soon as practicable.

9. Hinshaw & Culbertson shall remit the $360,000 it holds to the Clerk of Court. This part of this Order is without prejudice to Ronald Scherer seeking return of the funds or compensation of an equal amount from the funds in the registry of the Court if he establishes a superior right to the $360,000.

    **IT IS SO ORDERED.**

**DATED: October 30, 2024**             _____
                                                           **ALGENON L. MARBLEY**
                                                           **UNITED STATES DISTRICT JUDGE**