UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 2:19-cv-3634 |
| v. | : Judge Algenon L. Marbley |
| RONALD E. SCHERER, *et al.*, | : Magistrate Judge Kimberly A. Jolson |
| Defendants. | : |

**OPINION & ORDER**

## I. INTRODUCTION

On July 24, 2024, and October 30, 2024, this Court ordered Defendant Ronald E. Scherer to show cause why he should not be held in contempt for violating this Court's Agreed Preliminary Injunction. (ECF Nos. 275, 290). Accordingly, this Court held show cause hearings. For the foregoing reasons, this Court finds Mr. Scherer in **CONTEMPT** of court.

## II. BACKGROUND

On July 24, 2024, the Government filed a Motion for Order to Show Cause Why Ronald E. Scherer Should Not Be Held in Contempt and Why He and National Sign & Signal Co. Should Not Be Required to Return Certain Funds Misappropriated by Him. (ECF No. 274). The Government's motion was in response to evidence that Mr. Scherer violated the Agreed Preliminary Injunction. (ECF No. 45). The Agreed Preliminary Injunction prohibits Mr. Scherer from:

> [D]irectly or indirectly . . . transferring, converting, encumbering, pledging, selling, giving away, concealing, dissipating, disbursing, trading, assigning, spending withdrawing, or otherwise disposing of any money or asset or portion thereof belonging to WVHI, or to Maples, except as explicitly permitted [in the Agreed Preliminary Injunction].

(*Id.* at 2). The Agreed Preliminary Injunction permits West Virginia Healthcare, Inc ("WVHI") and Maples Health Care Inc. ("Maples") to continue conducting their business but also requires

that "[i]n no event shall any payments or transfers of money be made by WVHI or Maples to Scherer or to any other person for his benefit." (*Id.* at 3). Further, "[i]n no event shall any payments be made or money otherwise transferred to any other entity of which Scherer is a shareholder, officer, or director." (*Id.*).

Between April and May 2024, however, Mr. Scherer transferred $586,757.00 in funds from the Maples bank account to himself and to others for his benefit. (ECF No. 274-1 at 6–7). This included a transfer of $75,000 to National Sign & Signal Co. ("National Sign"), an entity for which Mr. Scherer serves as President and CEO. The transfers were made to the following recipients in the following amounts:

- Ronald E. Scherer, $77,757.00, "2023 Form 1040 [SSN]";[1]
- National Sign & Signal Company, $75,000.00, "Loan";
- Ronald E. Scherer, $50,000.00, "Loan";
- Hinshaw & Culbertson (a law firm), $360,000.00, "Trust Account"; and
- Ronald E. Scherer, $24,000.00, "Loan."

(*Id.*). Upon the Government's Motion, and based upon this Court's independent analysis, this Court ordered Mr. Scherer to show cause why he should not be held in civil contempt. (ECF No. 275). He and National Sign were also ordered to show why they should not be required to return the funds misappropriated by Mr. Scherer. (*Id.*). In addition to this Court duly notifying Mr. Scherer in the same manner it notifies all *pro se* litigants and counsel, the Government provided a certificate of service indicating it separately sent the order to Mr. Scherer and National Sign on July 25, 2024. (ECF No. 276).[2] The hearing was scheduled for July 31, 2024, but Mr. Scherer and National Sign did not appear. (ECF No. 278).

---

[1] The Government does not request return of this amount as it was paid to the IRS.

[2] Mr. Scherer was notified electronically via email by the Clerk's Office as all *pro se* litigants and counsel are notified, and in accordance with his e-filing rights pursuant to this Court's order granting Scherer's Motion to Obtain Electronic Case Filing Rights, dated December 3, 2019 (ECF No. 79).

When scheduling the July 31, 2024, show cause hearing, this Court ordered Mr. Scherer to submit, in a writing filed with the Clerk of the Court, all reasons, if any, why he should not be held in civil contempt and/or ordered to return all funds. (ECF No. 275). Mr. Scherer was also ordered to file any opposition to the Government's Motion requesting direct turnover of the $360,000 from Hinshaw & Culbertson LLP to the United States. (*Id.*). Mr. Scherer did not respond.[3] Due to Mr. Scherer's failure to respond or appear, this Court issued an arrest warrant on August 1, 2024, stating that Mr. Scherer received notice but failed to appear at the duly noticed preliminary show cause hearing regarding the violation of a pre-existing preliminary injunction. (ECF No. 279). This Court did not find Mr. Scherer in contempt when issuing the arrest warrant so the warrant was limited to the area within 100 miles of the court.

Since the July 2024 show cause hearing, this Court has only received two communications from Mr. Scherer. Once on September 2, 2024, and again on October 11, 2024, Mr. Scherer claimed he was hospitalized and requested "an extension or postponement of any impending deadlines and/or hearings regarding this matter". (ECF Nos. 281, 287). This Court denied the first request because there was no specified amount of time requested for the extension. (ECF No. 290). Also, there was evidence that, around the time Mr. Scherer missed deadlines and court appearances, he was active in another case with a court in Florida.[4] Nonetheless, this Court recognized Mr. Scherer's claims of health issues and granted Mr. Scherer's second request which included a specific amount of time, 25 to 30 days, for the extension. (*Id.*). At the time of the second

---

[3] Mr. Scherer failed to respond to the motion and failed to appear at the show cause hearing. Accordingly, this Court treated the motion as unopposed and directed the turnover of $360,000 from Hinshaw & Culbertson LLP. (ECF No. 290).

[4] On August 27, 2024, Mr. Scherer filed a complaint, *pro se*, in the Seventh Judicial Circuit in and for Volusia County, Florida. On September 9, 2024, the case was removed to the Middle District of Florida. The complaint includes claims of fraud, violation of oath, and racketeering. *Scherer v. JP Morgan Chase Bank N.A. et al*, 6:24-cv-01616-PGB-RMN.

request, Mr. Scherer was no longer active in his Florida case, as he also requested the Florida court grant an extension of any deadlines or hearings for 25 to 30 days. (*Id*.). When granting Mr. Scherer's second request, two show cause hearings were scheduled for November 13, 2024. (*Id*.).

Notably, the two show cause hearings were: (1) more than 30 days after Mr. Scherer's request for a 25-to-30-day extension; and (2) held as virtual hearings. (*Id*.). Mr. Scherer was duly notified of both hearings in the same manner as notified for the July 31, 2024, hearing. One hearing was scheduled as another opportunity for Mr. Scherer to show cause why he should not be held in contempt and why he and National Sign should not be required to return the misappropriated funds. (*Id*.). Mr. Scherer, again, failed to appear for his hearing. (ECF No. 294). The Government appeared and stated that it notified Mr. Scherer about the show cause hearing and that Mr. Scherer responded to the Government by email. Mr. Scherer did not indicate that he or any legal representation would be unable to attend the hearing. This Court did not receive any updates or further requests for extensions from Mr. Scherer.

The second hearing was for National Sign to show why the funds it received, a total of $75,000, should not be returned. David Krauss, National Sign's VP of Operations, appeared at the hearing and confirmed National Sign's receipt of the $75,000 from Mr. Scherer, in violation of the Agreed Preliminary Injunction. He and the Government were ordered to agree to a payment plan to return the funds (ECF No. 296), and on November 22, 2024, the Government filed a Joint Status Report Regarding National Sign & Signal's Repayment Plan (the "Repayment Plan"). (ECF No. 299). The Repayment Plan was signed by Mr. Krauss on behalf of National Sign. (*Id*.). It states that, pursuant to the payment instructions therein, National Sign will repay the Government the $75,000 misappropriated by Mr. Scherer by paying: (1) $3,000 on or before December 2, 2024; and (2) $1,000 per month on or before the 1st day of each month beginning on January 1, 2025, until the $75,000 payment obligation has been satisfied. (ECF No. 299). Payments

Additionally, in the Repayment Plan, the Government requests this Court order National Sign to cease paying Mr. Scherer's salary (approximately $82,400 per year) temporarily, and instead pay the Government $6,866.67 per month in lieu of paying Scherer's wages, until the $75,000 payment obligation has been repaid. (*Id*.).

When requesting the show cause hearings, the Government additionally requested that, if the Court determines that Mr. Scherer is in contempt, the Court imposes sanctions the Court deems proper "including, but not limited to incarceration, until Scherer has returned all of the money that he removed from Maples' bank account that is not returned by National Sign or the law firm." The Government states that "if return of the money is impossible," it requests that sanctions are imposed "until Scherer has provided an accounting of where the money went and has provided a satisfactory explanation of why return of the money is impossible." (ECF No. 274 at 3).

### III. STANDARD OF REVIEW

The purpose of contempt proceedings is "to enforce the message that court orders and judgments are to be taken seriously." *Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Electric Service Co*., 340 F.3d 373, 385 (6th Cir. 2003) (citing *NLRB v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 590 (6th Cir. 1987)). Although the contempt power should not be used lightly, it "is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law. Without it they are mere boards of arbitration, whose judgments and decrees would be only advisory." *Id*. (quoting *Gompers v. Buck's Stove & Range Co.,* 221 U.S. 418, 450 (1911)).

The decision whether to hold a person in contempt is within the trial court's discretion. *Id.* at 378 (citing *Peppers v. Barry,* 873 F.2d 967, 968 (6th Cir. 1989)). The court's discretion "includes the power to frame a sanction to fit the violation." *Id.* at 385 (quoting 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2960, at

372–73 (2d ed. 1995)). In the context of civil contempt, "'[j]udicial sanctions ... may, in a proper case, be employed for either or both of two purposes; to coerce … compliance with the court's order, and to compensate the complainant for losses sustained.'" *Id*. at 379 (quoting *United States v. United Mine Workers of Am.,* 330 U.S. 258, 303-04 (1947)).

A litigant may be held in contempt if there is "clear and convincing evidence that shows that '[it] violated a definite and specific order of the court requiring [it] to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Elec. Workers Pension Trust Fund*, 340 F.3d at 379 (quoting *Cincinnati Bronze, Inc.,* 829 F.2d at 591). Once the burden of establishing such a violation has been met, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." *Satyam Computer Services, Ltd. v. Venture Global Engineering, LLC*, 323 Fed. Appx. 421, 433 (6th Cir. 2009) (emphasis in original) (quoting *Elec. Workers Pension Trust Fund*, 340 F.3d at 379). *See United States v. Rylander,* 460 U.S. 752, 757 (1983) ("Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action. It is settled, however, that in raising this defense, the defendant has a burden of production.").

In the Sixth Circuit, recourse to the so-called *Rylander* defense to civil contempt "requires that the contemnor show that he is not responsible for the present inability to [comply]." *Elec. Workers Pension Trust Fund*, 340 F.3d at 383, 384 ("[W]e have decided that a showing of clean hands is essential to the *Rylander* defense."). In that context, courts consider "whether the [relevant party] took all reasonable steps within [its] power to comply with the court's order." *Satyam,* 323 Fed. Appx.at 430 (quoting *Elec. Workers Pension Trust Fund*, 340 F.3d at 379).

6

## IV. LAW AND ANALYSIS

Through evidence of the transfers made from the Maples bank account to Mr. Scherer (and to others for his benefit) and Mr. Krauss's confirmation of National Sign receiving the $75,000 from Mr. Scherer, this Court has clear and convincing evidence that Mr. Scherer violated the Agreed Preliminary Injunction. Further, Mr. Scherer's failure to appear to two duly noticed show cause hearings is irrefutable evidence of Mr. Scherer's violation of this Court's orders to appear.

While this Court remains concerned about Mr. Scherer's reported health issues, it must also note the nearly four-month long opportunity for Mr. Scherer to explain his actions. This Court first scheduled a show cause hearing for July 31, 2024. (ECF No. 275). Rather than respond to or comply with this Court's orders offering Mr. Scherer a chance to show cause why he should not be held in contempt and return the misappropriated funds, Mr. Scherer has:

- Filed a complaint, *pro se*, in Florida (August 27, 2024)
- Filed a letter with this Court requesting postponement of any impending deadlines (September 2, 2024)
- Filed a second letter with this Court requesting postponement of any impending deadlines for 25-30 days (October 11, 2024)
- Responded to the Government by email confirming receipt of show cause order (October 31, 2024)

Despite this Court's attempts to investigate further the status of Mr. Scherer's health and Mr. Scherer's various opportunities to respond to this Court's orders, Mr. Scherer continues to elude this Court. In the first Order to Show Cause Mr. Scherer was "notified that a failure to comply with this Order may subject him to sanctions for contempt of Court, including incarceration." (ECF No. 275 at 4). Nonetheless, Mr. Scherer has failed to comply with the

7

Agreed Preliminary Injunction (ECF No. 45) and the two duly noticed show cause orders (ECF Nos. 275, 290).

This Court holds there is clear and convincing evidence to find Mr. Scherer in contempt and judicial sanctions are necessary "to compensate the complainant for losses sustained." *Elec. Workers Pension Trust Fund of Local Union # 58, IBEW*, 340 F.3d at 379 (quoting *United Mine Workers of Am.,* 330 U.S. at 303-04).

## V. CONCLUSION

Accordingly, this Court finds Mr. Scherer in **CONTEMPT** of court and **ORDERS** that:

1. Mr. Scherer shall show cause why he should not remain in contempt and why the misappropriated funds should not be returned, in writing, along with any supporting evidence no later than seven (7) days after entry of this order, or on December 5, 2024. This Court warns that, unless Mr. Scherer complies with the Court's order, a new warrant will issue with a finding of contempt (thus the arrest warrant is no longer limited to 100 miles) for the **ARREST** of Mr. Scherer, and he will be **IMPRISONED** for civil contempt until such time as Mr. Scherer complies with the orders to show cause. Mr. Scherer may purge itself of contempt at any time and avoid issuance of an arrest warrant by complying promptly with the orders to show cause.

2. In accordance with the Joint Status Report Regarding National Sign & Signal's Repayment Plan, National Sign shall pay the United States $3,000 on or before December 2, 2024, and $1,000 per month on or before the 1st day of each month beginning on January 1, 2025, until the $75,000 payment obligation has been satisfied. (ECF No. 299). Payments shall be made pursuant to the payment instructions therein. (*Id.*).

3. National Sign shall cease paying Mr. Scherer's salary (approximately $82,400 per year) temporarily, and instead pay the United States $6,866.67 per month in lieu of paying Scherer's wages, until the $75,000 payment obligation has been satisfied. Payments shall be made

8

to the United States on or before the 1st day of each month, starting January 1, 2025, pursuant to the payment instructions provided in the Joint Status Report Regarding National Sign & Signal's Repayment Plan. (*Id*.).

4. The United States' Motion for an Order to Disburse Remaining Funds in Court Registry to United States is **GRANTED** (ECF No. 286). The Clerk of the Court is **ORDERED** to disburse all remaining funds in the Court registry for this case to the United States for application toward the federal income tax liabilities included in the United States' judgment against Defendant Ronald E. Scherer in *United States v. Scherer, et al.,* Case No. 2:14-cv-00452 (S.D. Ohio). The disbursement is not subject to the 10% fee applied to amounts earned on the investment of the funds (the United States being exempt). The disbursement from the Court's registry in this case shall be made by check payable to the U.S. Department of Justice and the check shall be mailed to the following address:

> U.S. Department of Justice, Tax Division
> Attn: Financial Litigation Unit
> P.O. Box 310
> Washington, DC 20044

The memo line of the check shall contain the notation "S.D. Ohio 2:19-cv-3634" and if possible the following additional notation: CMN2010102945.

5. The United States shall serve this Order on National Sign by any means calculated to provide actual notice. Actual notice to David Kraus shall constitute actual notice to National Sign (as will service on Mr. Scherer as its CEO).

6. The United States shall serve a copy of this Order on Defendant Ronald E. Scherer by email to Defendant Scherer at rscherer@mlmax.com, and by mailing a copy of such Order to Defendant Ronald E. Scherer at P.O. Box 730478, Daytona Beach, FL 32173-0478. An additional

copy may be (but is not required to be) delivered to him by any other means the United States determines is likely to reach him.

7. Proof of service done pursuant to paragraphs 5 and 6 above shall be filed with the Clerk as soon as practicable.

8. In addition to sending this Order via email in accordance with Mr. Scherer's e-filing rights (pursuant to this Court's order granting Mr. Scherer's Motion to Obtain Electronic Case Filing Rights, dated December 3, 2019 (ECF No. 79)), the Clerk of the Court is also **DIRECTED** to send to Mr. Scherer, by certified mail and US mail a copy of this Order, the Agreed Preliminary Injunction (ECF No. 45), the Order to Show Cause, dated July 24, 2024 (ECF No. 275), and the Order to Show Cause, dated October 30, 2024 (ECF No. 290).

**IT IS SO ORDERED.**

**DATED: November 27, 2024**         **ALGENON L. MARBLEY**
                                     **UNITED STATES DISTRICT JUDGE**